### Wilder Winslow and others v. Lyman Herrick.

A party can not, in a suit upon a joint and several demand, treat the demand as a *joint* obligation of less than all the debtors. It must be joint as to all or several as to all.

Where, therefore, action was brought on a replevin bond against all the obligors, two of whom were defaulted, and the plaintiff instead of proceeding to trial as to the others, discontinued as to them, and took judgment against the two who were defaulted, Held erroneous.

*Submitted on briefs, November 12th. Decided November 20th.*

Error to Oakland Circuit.

*Baldwin & Draper*, for plaintiffs in error.

*M. E. Crofoot*, for defendant in error.

CAMPBELL J.:

The suit below was brought on a replevin bond executed by Garret S. Swazie, as principal, and James R. Vleit, Jonathan H. Bescherer and Wilder Winslow, as sureties. All of the sureties were served. The bond was joint and several.

Vliet appeared and pleaded, and a default was entered against the other defendants served. When the case came on for trial, plaintiff discontinued as against Swazie and Vleit, and took judgment against Bescherer and Winslow. This is assigned as error.

We think the objection well taken. A party can not, upon a joint and several demand, treat the demand as a *joint* obligation of less than all the debtors. It must be joint as to all, or several as to all: — 1 *Pars. on Cont.* 12, 13. This is a well settled and very familiar doctrine.

The rule authorizing a plaintiff to discontinue against one or more defendants was not designed to change any legal rights, but merely to enable a plaintiff who had sued more parties than he could recover against to amend his case by declaring against his real debtors. Whether a default obtained under the original declaration could stand so as to bind defendants under a new declaration, setting up a contract with fewer parties, is a serious question which we are not now called upon to decide. It is very clear that the declaration before us does not set out a contract under which the plaintiffs in error were jointly liable without Swazie and Vleit, and had they been sued jointly without their co-obligors, they might have pleaded in abatement. Plaintiff could not, by the indirect process which he adopted, place them in any different position, or charge them in any way not justified by his declaration.

Some other questions were presented, but the view we have taken renders it unnecessary to decide them. The judgment must be reversed, with costs.

The other Justices concurred.