## Samuel W. Yawkey v. John H. Richardson and another.

Plaintiffs brought assumpsit in the state Court against a single defendant, a citizen of another State, who thereupon applied for an order removing the cause to the United States Court. This application being decided in his favor, plaintiffs, before the order was entered, discontinued the action and brought a new suit in the state Court, against the same defendant and another person, a citizen of the same State with themselves, for the same cause of action. When this suit came on for trial, they introduced evidence which related exclusively to dealings with the defendant first sued, and then presented a stipulation entered into with the co-defendant some time before, that the suit be discontinued as to him; and asked leave to discontinue accordingly. The Court allowed the discontinuance, and the cause went to judgment against the defendant first sued. *Held,*

1. The proceedings of the plaintiffs having been manifestly taken with a view to depriving defendant of his legal right to have the cause removed to the United States Court, were a fraud upon him.
2. That it is not discretionary with the Circuit Courts to allow a discontinuance as to one defendant, when upon no fair hypothesis or reasonable intendment it can be reconciled with justice.
3. That if a discontinuance be allowed under such circumstances at the trial, the action of the Court allowing it may be reviewed on exceptions, and the judgment reversed: and in this case it was reversed accordingly.

*Heard January 13th and 14th.   Decided January 20th.*

Error to Saginaw Circuit. The case is sufficiently stated in the opinion.

*Webber & Wheeler*, for plaintiffs in error:

Taking it for granted that Circuit Court rule 71 only authorizes discontinuance as to one of several defendants when there has been an inadvertent misjoinder, and that it was allowed in this case as a *right*, though there was a deliberate misjoinder for a fraudulent purpose, there was error which this Court may correct: — *Comp. L.* §§ 3382, 3390; *Art, 6, § 3 of Constitution ; 4 Iowa, 358.* Mandamus is not the remedy in this case, as irreparable injury would result from the error before the writ could issue. Exception may be taken if the party be aggrieved by · any *opinion, direction or judgment: — Comp. L.* § 4044. The rule, as expounded by the Statute, does not give the Court

a discretion which can not be reviewed, to make such an order: — 26 *Wend.* 143; 5 *Wend.* 114; 29 *Me.* 9; 1 *Doug. Mich.* 434; 18 *Me.* 249; 30 *Me.* 30; 10 *East,* 404; 7 *B. & C.* 691.

*Moore & Gaylord,* for defendants in error:

The rule gives the Circuit Court the power to allow the discontinuance; and leaves it to the discretion of that Court to determine in what cases it may be done. Whether that discretion be wisely exercised or not, this Court will not undertake to determine: — 7 *Mich.* 332; 5 *Mich.* 242; 4 *Hill,* 119; 15 *Wend.* 672; 2 *Mich.* 407; 1 *Doug. Mich.* 110; 3 *Mich.* 83.

CAMPBELL J.:

The action below was brought by the defendants in error against the plaintiff in error and Curtis Emerson, upon the common counts for goods sold and delivered. Evidence having been introduced to make out the plaintiffs' case, which had no tendency to show any but sole transactions of Yawkey, the plaintiffs, without any affidavit or statement showing inadvertence, introduced a stipulation signed by Curtis Emerson, authorizing them to discontinue as against him: and thereupon moved for leave to discontinue the suit as to Emerson, so as to leave it to proceed against Yawkey alone. This was resisted upon affidavits showing that, when the suit was commenced, Yawkey was a resident and citizen of the State of Illinois; and that, a previous suit having been commenced against him in the same court, for the same cause of action, he applied, under the act of Congress, to have it removed to the Circuit Court of the United States for the District of Michigan; when, upon the decision in his favor of the application, the plaintiffs discontinued before the order was entered.

The Circuit Court for Saginaw county, upon these showings, nevertheless permitted plaintiffs to discontinue as

against Emerson, and directed the suit to proceed against Yawkey alone. Other questions arose upon the trial, but we do not propose to consider them.

The act of Congress, allowing a defendant who is a citizen of one State, sued in a Court of a State of which he is not a citizen, by those who are citizens of the latter State, to file a petition of removal when he enters his appearance, such removal when applied for in due form, and at that time, is a matter of right: — *Brightly's Dig.* 129. But the Statute will not allow this application to be postponed until other steps are taken in the cause by the applicant. Neither can the cause be removed if there are other material defendants, who are citizens of the same State with plaintiffs; inasmuch as the jurisdiction arises under the United States Constitution, which restricts this class of cases in that respect. It will be apparent, therefore, that the effect of the proceedings in the case before us, upon the hypothesis set up in defendant's affidavits, was, by joining Emerson as a defendant to oust Yawkey of his right to remove the case to the United States Court; when, by the discontinuance, a case is left which, but for that device, he would have been entitled of right to have transferred.

The Statutes provide that the Supreme Court may make rules " to effectually prevent the defeat or abatement of any civil suit *ex contractu,* for either any non-joinder or misjoinder of parties, *where the same can be done consistently with justice:*" — *Comp. L.* § 3390. Rule 71 of the Circuit Court rules was adopted to carry out this provision, and makes it lawful for the Circuit Courts to permit such discontinuance upon terms.

It was claimed by defendants in error, that the liberty to discontinue under that rule was, if not an absolute right of the party, at least in the uncontrolled discretion of the Court; and also that, if controllable, it must be by *mandamus,* and not by exception.

It is true that matters resting entirely in discretion can not usually be reviewed. But it would be going to very dangerous lengths to hold that any legal right can ever rest in the discretion of a court, or that under the pretext of discretion there should be immunity for gross frauds and abuses. We have already decided in *Winslow v. Herrick* [ante p. 380], that this right of discontinuance is subject to limits; and that it is by no means universal The Statute furnishes the measure, when it permits it to be done when it *" can be done consistently with justice."* While this opens a wide door for discretion, and may perhaps allow courts to exercise it without appeal, in some cases where an appellate court might not have taken the same view, yet when it can, upon no fair hypothesis, or legal intendment, be reconciled with justice, it ceases to be discretionary, and becomes unlawful. Such excesses of power have never, we think, been regarded as beyond redress.

Had the discontinuance been allowed before trial, a mandamus would perhaps have been the most appropriate, if not the only remedy. But this point we do not decide at present.

When the proceeding takes place upon the trial, it can only come up by exceptions; and is as fairly within them as any other question arising on the hearing. In the case before us it had a controling influence on the reception of evidence and on the decision. And all that we can consider is, whether it went beyond a legal discretion fairly exercised.

Upon this there is no room for doubt. It appears affirmatively from their own showing, that plaintiffs did not proceed to trial by inadvertence; for the stipulation of Emerson was dated several months before. The evidence introduced by them shows conclusively the impossibility of any mistake about parties. It is not the case of a partnership, where it is sometimes difficult to bring home

the relation; neither is it analogous to those cases in which a party sued is found to be exempt, or incapacitated. The evidence shows affirmatively that there never could have been any proper reason for joining Emerson. There was, therefore, no foundation for any such action as was had. The affidavits introduced by the defendant, which were held by the Court below to present no valid objec-. tion to a discontinuance, explain why another defendant was joined with Yawkey.· The object was manifestly to. defeat his opportunity of removing the cause; and was a gross fraud perpetrated to deprive him of a legal right. If such crooked devices can be practiced in courts of law with impunity, the administration of justice will incur odium and distrust, and will deserve them.

We are not disposed to lay down any rigid rules concerning the extent of judicial discretion, in cases where a discontinuance is asked. The propriety, in each cause, depends very much upon facts apparent to the Court where the cause is pending; and the party seeking such a privilege can generally present his reasons, where they exist, in such a way as to raise no difficulty in the decision.

The present case is so plain that it calls for no such attempt to deduce general rules for legitimate applications from it.

As the discontinuance against Emerson has put him out of the case, and as a discontinuance against one, except when permitted by law, is a total discontinuance, we are compelled to reverse the judgment entirely. There is no basis for a new trial; and therefore we are not called upon to consider the other law points discussed.

The other Justices concurred.