SALLIE ANDERSON, EXECUTRIX v. JAMES O. ROBINSON.

*Discontinuance as to joint obligor.*

Circuit Court Rule 71, permitting a plaintiff to discontinue as to one or more defendants, is meant to allow a recovery against the rest where the action might properly have been confined to them in the first place. It does not transform a purely joint obligation into a several, nor apply to cases appealed from a justice's court.

A discontinuance as to one of several joint defendants on an exclusively joint obligation is a discontinuance as to all.

Error to Midland. Submitted Jan. 31. Decided Feb. 1.

ASSUMPSIT. Defendant brings error.

*M. H. Stanford* for plaintiff in error. A circuit court

·is not authorized to proceed in cases appealed from a justice as if they had originated in the circuit court, *Evers v. Sager*, 28 Mich., 49; if too many persons are made defendants, either may demur, move in arrest of judgment, or support a writ of error, and if the objections do ·not appear on the pleadings, the plaintiff may be non-suited on the trial if he fails in proving a joint contract, 1 Chitty's Pl. [16th ed.] 51 and cases cited; *Shirreff v. Wilks*, 1 East, 52; *Hannah v. Smith*, 3 T. R., 662; *Robeson v. Ganderton*, 9 C. & P., 476; *Porter v. Harris*, 1 Lev., 63; the name of one or more defendants cannot ·be struck out to cure the defect, and judgment must pass against all or none unless some interpose a personal defense, *Whiting v. Cook*, 8 Allen, 63; *Tuttle v. Coooper*, 10 Pick., 281; *Walcott v. Canfield*, 3 Conn., 194; *Peebles v. Rand*, 43 N. H., 339; *Erwin v. Devine*, 1 J. J. Marsh. (Ky.), 124.

*James Van Kleeck* for defendant in error. Where the ¯record furnishes on its face all data needed to apply an :amendment to the pleadings, it may be considered as :applied even though no verbal change is made in them, *Ballou v. Hill*, 23 Mich., 60.

GRAVES, J. Robinson sued the testator of plaintiff in error jointly with one Freeman Lathrop, before a justice, but Lathrop was not served, and did not appear. The declaration was for a joint claim on contract against both defendants as partners. Anderson appeared and pleaded the general issue, and Robinson recovered a joint judgment upon the joint demand against both defendants. Anderson took a general appeal, and while it was pending in the circuit court, died. His death was suggested of record, and the court allowed his executrix, the plaintiff in error, to assume defense of the action. A trial was then had, but the jury failed to agree, and ¯were discharged. Thereupon and against objection by plaintiff in error, the court allowed Robinson to discontinue as to Lathrop on his undertaking, in open court,

that in case he should recover, he would not take judgment against the sureties in the appeal bond, or bring suit against them.

The case then proceeded against Mrs. Anderson as representative of one of the original joint defendants, and Robinson recovered.

The court based its action on Circuit Court Rule 71, which permits discontinuance in certain cases. No other authority is suggested. The ruling was erroneous. Rule 71 was not intended for appeal cases, and if it had been, it would not have authorized a discontinuance here.

When an appeal is taken against a judgment on the merits in a suit founded on a joint obligation, the unity of the cause of action is supposed to be so far fixed by the original determination as to preclude a severance in the appellate court at the election of the plaintiff. The appeal contests the liability asserted in the court of original jurisdiction, and if a joint one, the appellee has no power to change it into an individual liability in the appellate court against the consent of the appellant. A contrary course would lead to strange and unjust results.

Again, the rule in question was not intended to transform a purely joint obligation into a several one, even in cases commenced in the circuit court. The purpose of the rule was to promote justice, and allow a plaintiff to recover against one or more of the defendants, where the case might have been regularly brought against them originally, and not to authorize recovery against part of those subject to an exclusive joint liability.

The cause of action alleged here was joint and not several, and the recovery before the justice was given therefor. The plaintiff was bound to establish a joint liability in the circuit court, or fail in his recovery.

The discontinuance as against Lathrop worked a discontinuance as against both defendants.

The judgment must be reversed with costs, and as there can be no new trial, none is ordered.

The other Justices concurred.