### ANDREW J. ANDERSON v. PETER WHITE ET AL.

*Negotiable instruments—Judgments—Comp. L., § 5778.*

In suits on bills and notes, judgment is authorized by Comp. L., § 5778 to be taken against one or more of the defendants.    This does not apply where the note is signed in the name of a company and the defendants, being sued as co-partners doing business under that name, deny its execution and the partnership, and no evidence is given that some of them are at all connected with the company.

Error to Marquette.    Submitted June 5.    Decided June 21.

ASSUMPSIT.    Plaintiff brings error.

*Adams & Southerland* and *F. O. Clark* for plaintiff in

error.   It is presumed that men associated in business are partners and individually liable for debts contracted by them, and they have the burden of proving that they form a corporation instead of a firm, *Harris v. McGregor*, 29 Cal., 127; *Welland Canal v. Hathaway*, 8 Wend., 481; *Walker v. Devereaux*, 4 Paige, 229; *Burt v. Farrar*, 24 Barb., 518; *Atlantic & O. R. R. v. Sullivant*, 5 Ohio St., 278; *Field v. Cooks*, 16 La., 153; *Unity Ins. Co. v. Cram*, 43 N. H., 636.

*W. P. Healy* and *Ball & Owen* for defendants in error. Discontinuance of a suit on a purely joint obligation as to some of the defendants prevents recovery as against the rest. *Anderson v. Robinson*, 38 Mich., 407.

MARSTON, J.   This was an action of assumpsit brought against White and eight others as "co-partners doing business under the name and style of the Michigan Iron Company." The plaintiff declared upon the common counts, and in his bill of particulars set forth copies of certain promissory notes, purporting to have been given and signed by the Michigan Iron Co., by H. J. Colwell, Treasurer.   The defendants pleaded the general issue, and filed affidavits denying the existence of the partnership and of the execution of the notes.

The plaintiff, to maintain the issue on his part, claims to have introduced evidence on the trial tending to show that four of the defendants were members of the Michigan Iron Company, but it is not claimed or pretended that any evidence whatever was given tending to connect either of the other defendants with this company. This was fatal to the plaintiff's right to recover, unless as claimed he was entitled to recover a judgment against one or more of the defendants under the provisions of section 5778 of the Compiled Laws.

An examination of this section in connection with those preceding it, shows that it has no application to a case like the present, but to cases where the holder of a "bill of exchange or promissory note, instead of bringing separate suits against the drawers, makers, guarantors

of the payment thereof, indorsers, and acceptor of such bill or note" includes all or any of the said parties in one action.

Viewing the case in its most favorable aspects in behalf of the plaintiff, upon his own showing he was not entitled to recover, and it therefore becomes unnecessary to consider the other questions raised.

The judgment must be affirmed with costs.

The other Justices concurred.