# JUNE TERM 1881.

Thomas Munn, impleaded with James J. Boyce v. Jacob P. Haynes.

*Action on joint contract—Service beyond jurisdiction—Discontinuance as to joint promisor—Pleading in abatement.*

Service of a declaration beyond the jurisdiction may be made by private persons.

Where service on defendants within the jurisdiction must be proved before service is made on a joint defendant outside of it, but is not shown by the return, an amended return not filed until after all have been served, but showing that service was made on resident defendants first, is not important.

Service on a joint defendant beyond the jurisdiction was held valid where the return showed that service on the other defendants was made earlier and that the service beyond the jurisdiction was made on the date of the return.

Discontinuance as against a party charged as a joint promisor discharges a co-defendant against whom judgment has been taken by default, because it leaves the case resting on the allegation of a different contract from that on which judgment was taken.

Suit cannot be brought against an individual party to a joint contract, and judgment taken upon it, without giving the defendant an opportunity to plead non-joinder in abatement.

The right of pleading in abatement is an absolute and valuable right.

A declaration setting up a joint obligation will not sustain recovery unless a joint debt is proven, and failure to prove the claim as against one defendant is as fatal as not to prove it against any.

A discontinuance as against a joint promisor is allowable only where he was incompetent to contract, or has been discharged by bankruptcy or the statute of limitations or something that has not discharged his co-defendants.

Judgment by default on an allegation of joint liability does not admit any different liability.

Error to St. Clair.  Submitted April 6.  Decided June 8.

Assumpsit.  Defendant brings error.  Reversed.

*A. C. Maxwell* and *William T. Mitchell* for plaintiff in error. Defendants within the jurisdiction must be served before joint defendants outside of it can be brought in: *Denison v. Smith* 33 Mich. 155; if service on the latter is made on the same day it must be shown that the former were first served: *Clark v. Lichtenberg* id. 307; *Dunn v. Hazlett* 4 Ohio St. 436; *Allen v. Miller* 11 Ohio St. 374; *Pottinger v. Mayfield* 14 B. Mon. 647; in a suit on a joint undertaking all the obligors must be made defendants: Coll. Part. § 717; *Burgess v. Abbott* 6 Hill 135; *Harwood v. Roberts* 5 Greenl. 441; and if one pleads *non est factum* and the action is dismissed as to him, judgment by default cannot be taken: *Hickman v. Anderson* 2 Dana 223; a discontinuance as to one applies to all: *Hall v. Rochester* 3 Cow. 374; judgment against one of three joint obligors was vacated for want of authority to enter it severally: *Bank v. Sharpe* 5 Harr. (Del.) 170.

*Whipple & Voorheis* for defendant in error. The omission to make joint obligors co-defendants must be taken advantage of by plea in abatement, unless it appears that the party not impleaded is still living: 1 Green Pr. 92; *People v. Dennis* 4 Mich. 609; *Achey v. Hull* 7 Mich. 423; *Hinman v. Eakins* 26 Mich. 80; *Perrin v. Lepper* 34 Mich. 294.

CAMPBELL, J. Haynes brought suit in St. Clair county against Thomas and Sarah E. Munn and James J. Boyce as joint makers of a promissory note which Thomas and Sarah were alleged to have signed as partners under the name of Munn & Co. Service was made on Boyce and Sarah E. Munn on the 24th and 25th of July, 1879, and proof filed July 26th. On the 26th of July service was made on Thomas Munn in Bay City. Subsequently, on the 10th of January, 1880, the sheriff of St. Clair who served the declaration in his own county, was allowed to amend his return by dating it July 24, 1879, and stating he could not find Thomas Munn in his bailiwick. This amendment is however of no importance, as the other defendants were served

before Thomas, and if this return was not filed before January, 1881, it is difficult to see how it is any better than the other, if the facts in it should have been of record before service on Thomas Munn.

Sarah Munn defended and put in the general issue with an affidavit that she never executed the note and was not a member of the firm. The other defendants were defaulted. On the 9th of September, 1879, the default was made absolute, and an order entered for assessment by the clerk. On the 25th of October plaintiff by leave of court amended his declaration by striking out the name of Sarah E. Munn. The amendment was not made in fact, and the order is confined to this permission. On the same day the clerk assessed the damages, and the court gave judgment. Thomas Munn brings error.

The errors relate to the service of process, and the discontinuance.

We have no doubt service of declaration may be made by private persons. Such has been the practice here, and in New York. Graham's Practice, 459. We are also of opinion that inasmuch as service was actually had on the other defendants before Thomas Munn was served, the service on him was valid, and it may be presumed the return was made when he was served, as it bears date then and the service in St. Clair was earlier.

But we think that the discontinuance as against a party charged as a joint promisor could not properly be made so as to bind him by this judgment. It leaves the case to stand on the allegation of an entirely different contract from that on which he was defaulted.

A plaintiff cannot sue a person solely on a joint contract and proceed to judgment on it, without giving him a right to plead non-joinder in abatement if he chooses. This right of pleading in abatement is an absolute right, and is considered in law as a valuable one. Upon a joint judgment in contract there are mutual rights as well as mutual obligations.

Upon a declaration setting up a joint obligation there can be no recovery unless a joint debt is proved, and failure to

prove a claim against one is as fatal as failure against all. 1 Chitty's Pleading, 35, 36. This doctrine has been uniformly recognized.

In *Candee v. Clark* 2 Mich. 255, it was held there could be no discontinuance against one of two joint debtors. In *Wetherwax v. Paine* id. 555, it was held that garnishee proceedings against less than all joint debtors were absolutely void, and no bar to a subsequent suit against all. In *Winslow v. Herrick* 9 Mich. 380, it was held a joint and several demand could not be sued on as the joint obligation of less than all, and a discontinuance as to the parties not defaulted was held to invalidate a judgment against those defaulted. The same doctrine is illustrated in *Mace v. Page* 33 Mich. 38; *Larkin v. Butterfield* 29 Mich. 254; *Wellover v. Soule* 30 Mich. 481; *Lee v. Bolles* 20 Mich. 46; *Ballou v. Hill* 23 Mich. 60; *Cruikshank v. Gardner* 2 Hill 333.

It is only where the contract was actually made by all the parties, but one was either incompetent to make it as from infancy or other disability, or has been since discharged by something which is not a discharge of the rest—as bankruptcy, limitation, or the like—that such discontinuance is available and allowable. *Hartness v. Thompson* 5 Johns. 160; *Reading v. Beardsley* 41 Mich. 123; *Anderson v. Robinson* 38 Mich. 407; *Taylor v. Dansby* 42 Mich. 82.

The default having been taken as a default on a charge of joint liability with Sarah Munn, was no admission of any other liability, and the discontinuance changed the issue without giving plaintiff in error a chance to be heard on the new form of the charge.

The judgment was erroneous and must be reversed with costs as to Thomas Munn. Boyce has severed and does not complain here.

GRAVES, J. Thomas Munn, Sarah E. Munn and James J. Boyce were made joint defendants and charged as joint promisors, and according to the common law no recovery was possible except on proof or admission of the same joint promise which was averred. The plaintiff could not shift

his ground and say that Sarah E. Munn was not after all a joint promisor, and thereupon drop her by *nol. pros.* and proceed against the other two. 1 Chitty's Pl. 50, 51, 52; Gould's Pl., ch. 4, §§ 115, 116. And according to the same doctrine the only effect of the suffering default by Munn and Boyce was their admission of the same promise the plaintiff would have been bound to prove against them in case they had pleaded a general traverse to the declaration, and hence a promise by them jointly with Sarah E. Munn. *Sheehy v. Mandeville* 7 Cranch 208. Their admission of that cause of action was not convertible by election of the plaintiff into an admission of another unlike it on which to found judgment. They were bound by what they admitted, but were not liable to be held on a distinct ground which had neither been set up nor admitted. Before being made answerable for a new promise they were entitled to their day in court with opportunity to offer such defense as they chose. No court could have any right to assume that they had no defense and so arbitrarily deny them the chance to say for themselves whether they had or not. It would be contrary to first principles and in derogation of "due process of law."

There had been neither adjudication nor proof that Sarah E. Munn was either not a joint promisor or that she was personally exempt from liability. They could not be legally denied opportunity to plead her non-joinder by the *ex parte* act of the plaintiff. But the striking her out without any admission or decision that she was not jointly liable, and going to judgment against them on nothing else than their admission of having undertaken jointly with her as alleged, deprived them of that right. Moreover it involved the founding of judgment on a fallacious basis—the basis of being a joint undertaking of the three defendants and no personal exemption of either, and the conclusion of law, a judgment against two and the acquittal of the third. Had the action been originally against the two alone they could have pleaded the non-joinder of the third, and their omission to plead it would have been a waiver entitling the plaintiff

to recover against them alone. But there has been no waiver. No chance to plead non-joinder has been given, and no one can be said to waive the exercise of an election who is denied opportunity.

The rule permitting a discontinuance as to some of the defendants in certain cases (Rule 71) is based on subd. 8 of § 4912, Comp. L. p. 1502, and the statute measures the scope of its application where it says it may be allowed "when it can be done consistently with justice." *Yawkey v. Richardson* 9 Mich. 529. The regulation appears to accord with one in the English common-law procedure act, (2 Chitty Pl. 269,) and it is probably not unlike a provision in the practice act of Massachusetts. *Bliss v. Bliss* 12 Met. 266.

In the early cases of *Winslow v. Herrick* 9 Mich. 380, and *Yawkey v. Richardson,* supra, this court so construed the rule as to restrict its application and prevent it from being used except for the purpose of obviating mere technical objections, and the court in Massachusetts seems to have taken the same view. *Bliss v. Bliss,* supra. And according to the principle of these cases the practice below was wrong. The English courts appear to have given a wider application to this statute, but still not wide enough to sustain this judgment. In *Greaves v. Humphreys and another* an attorney sued two on an alleged joint retainer, and one suffered default. At the trial of the issue joined by the other the evidence proved a *separate retainer,* and the plaintiff moved to amend by striking out the defendant who had *suffered default.* The judge doubted the right, but concluded to allow it, and the court *in banc* (Q. B.) sustained the ruling and observed that the case stood as though the defaulted party had never been in. 30 E. L. & E. 256.

Here it was the defaulted defendant who was dropped, and the change was only made when it was regularly ascertained that there was no joint promise and that the defendant pleading and going to trial was individually liable.

In *Johnson v. Goslett* (C. P.) the cause was for money had and received, against seven defendants. One of the number named Johns allowed judgment to go by default. On the

trial with the others it became a question whether two of their number could be held at all, and the plaintiff proposed to strike out their names, but this was objected to on behalf of their associates, on the ground that the defendant Johns had suffered default. The questions were brought before the full court and it was decided that the amendment was admissible. The court thought the two defendants were liable with the rest, and therefore that the amendment was uncalled for; but as a court of error would not have power to allow it and the case was to be carried there, the amendment was made. 37 E. L. & E. 308.

According to the report of this case the court seems to have thought that the default of Johns would not prevent a discontinuance as to some of the others who defended. But it would seem that the proof was full to show that Johns was jointly liable with all the others except the two, and there seems to have been no complaint on the part of Johns. The report does not show that any question was raised concerning his right or the effect of his default as an admission. In the case at bar the plaintiff no doubt had the right to amend by striking out the female defendant. But the proper practice was to serve the amended declaration on the defaulted defendants and give them opportunity to contest the right to proceed against them alone.

I think the result stated by my brother Campbell is correct.

MARSTON, C. J. and COOLEY, J.   We concur in the result.