SAMUEL POST v. JACOB SHAFER AND FRANZ BIER.

*Judgment—Bond on appeal—Joint debt—Circuit court rule 71
—Married women.*

1. A husband and wife appealed from a *joint* justice's judgment, the appeal bond being throughout a *joint* obligation. Without a discontinuance against either defendant judgment was rendered *against* the husband and the surety in the appeal bond at the circuit, and for costs in *favor* of the wife, and, after the return of an execution *unsatisfied* against the husband *alone*, suit was brought on the bond against him and his surety.

   *Held,* that the surety never agreed to pay anything but a *joint* judgment, which was the one appealed from, and that while the failure of the husband to bring error may preclude his objecting to the *original* judgment, it cannot remove the defense of the surety to the judgment on the bond.

2. The rule is well settled that upon a *joint* debt there can be no suit or recovery against *less* than all of the debtors, unless one has been legally discharged, or where in *fact* there was never any *joint* obligation.

3. A discontinuance by plaintiff, under circuit court rule 71, against such of the defendants as he finds were improperly joined, is not a matter of *right,* but must be done on *leave* of the court, and on such *terms* as will do no *injustice*; and where a discontinuance ought not to have been allowed, the proceeding will be reversed (*Yawkey v. Richardson,* 9 Mich. 529); and a plaintiff can never be allowed to treat a *joint* promise as a *several* one (*Winslow v. Herrick,* 9 Mich. 380; *Ballou v. Hill,* 23 Id. 60; *Anderson v. Robinson,* 38 Id. 407).

4. There is no rule which will prevent a married woman from becoming a *joint* debtor with her husband upon a *proper* consideration.

Error to Kent. (Montgomery, J.) Argued April 15, 1886. Decided October 14, 1886.

Debt on appeal bond. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William E. Grove,* for appellant:

Whether the non-payment of a judgment against only one of the appellants and in favor of the other is a breach of the condition of the bond, see *Seacord v. Morgan,* 3 Keyes (N. Y.), 636; *Hood v. Mathis,* 21 Mo. 308; *Lutt v. Sterrett,* 26 Kan. 561; *Wood v. Orford,* 56 Cal. 157.

There is no merger unless the judgment obtained is a higher security: *Wixom v. Stephens,* 17 Mich. 518; *Bonesteel v. Todd,* 9 Id. 371.

Neither the analogies of the law nor the reasons on which the rule is based can apply to the statutory proceedings in question: *Holcomb v. Tift,* 54 Mich. 647; *Smith v. Curtiss,* 38 Id. 393.

A new security of an equal or inferior degree is not an extinguishment of a prior debt: *Jackson v. Shaffer,* 11 Johns. 513.

A security of a higher nature extinguishes securities of an inferior, but not securities of an equal, degree: *Andrews v. Smith,* 9 Wend. 53; *Mumford v. Stocker,* 1 Cow. 178; *Doty v. Russell,* 5 Wend. 129; *Bates v. Lyons,* 7 Paige, 85; *Howard v. Sheldon,* 11 Id. 558.

So far as the judgment against the surety goes, it is the most inferior security. No action can be maintained upon it against the surety that could be rendered effectual against him: How. Stat. § 7029.

If judgment had not been entered against the surety, action upon the bond would be maintainable. The common-law remedies tacitly attach to it. The statute adds a new remedy, cumulative and permissive, but not imperative: *State v. Folsom,* 26 Me. 209; *State v. Boies,* 41 Id. 344; *Bank of Charleston v. Moore,* 6 Ga. 416; *Brabon v. Pierce,* 34 Mich. 39; *Sasscer v. Walker,* 5 Gill & J. (Md.) 102.

The statute is remedial. It was intended to render the appellee's security more effectual, to indemnify him against the possible contingency of the delay, and to secure the payment of the judgment which he might obtain in the appellate court: *Bushey v. Raths,* 45 Mich. 181.

*Harvey Joslin,* for defendants:

The surety was released because execution was not issued against him and the appellant within thirty days after the recovery of the judgment, or within thirty days after it was

issuable: How. Stat. §§ 7029, 7030; *Learson v. Hamlin,* 7 Wis. 196; *Herrick v. Graves,* 16 Id. 157.

*Weiss v.' Wayne Circuit Judge,* 50 Mich. 158, is not authority.

The bond sued upon merged in the judgment, and became extinguished: *Candee v. Clark,* 2 Mich. 255; *Bonesteel v. Todd,* 9 Id. 375; *Ward v. Johnson,* 13 Mass. 148; *Curtis v. Vermont Cent. R. R. Co.,* 23 Vt. 614; *Marshall v. Aikin,* 25 Id. 328; *Claggett v. Sims,* 5 Foster, 462; *Temple v. Scott,* 3 Minn. 419; *Mobile Bank v. Mobile & O. R. R. Co.,* 69 Ala. 305; *Grant & Burgwyn,* 88 N. C. 95; *Woodworth v. Spaffords,* 2 McLean (U. S.), 168.

CAMPBELL, C. J. This is a suit on an appeal bond given in a case removed from a justice to the Kent circuit.

One John Miller sued Jacob Shafer and Wilhelmina Shafer, his wife, on a joint promissory note, and got judgment for $154.91 damages and $7.56 costs. Defendants appealed jointly to the Kent circuit court, making a bond which the finding in this case shows was made jointly by both defendants, and Franz Bier as their surety.

The condition throughout related to a joint obligation, and provided for paying any judgment rendered against the two principal defendants. There was never any discontinuance against either of them, but in the circuit court judgment was rendered for costs in favor of Wilhelmina, and for damages against Jacob alone. Thereupon the appellee moved for and obtained judgment against Bier also, as surety, on the seventeenth day of April, 1880. An execution was issued against Jacob Shafer, but not against Bier, and was returned unsatisfied. Miller, in 1882, assigned the judgment and appeal bond to plaintiff, who brought the present action on the bond against Jacob Shafer and Bier. The court below held that plaintiff could not recover.

The rule is well settled that upon a joint debt there can be no suit against less than all the parties, and no recovery against less than all. To this rule there are no

exceptions, except where one has been legally discharged, or where in fact there was never any joint obligation.

At common law a suit begun jointly could not be turned into a separate action at all; but under the rules adopted for the circuit courts (rule 71) provision is made whereby, if the court thinks justice requires it, a plaintiff may, upon proper terms, be allowed to discontinue against such as he finds to have been improperly joined, and amend his declaration so as to state the contract as it really is.

This, however, is not a matter of right, but must be done on leave, and on such terms as will do no injustice; and where a discontinuance ought not to have been allowed, this Court has reversed the proceeding. *Yawkey v. Richardson*, 9 Mich. 529. And a plaintiff can never be allowed to treat a joint promise or obligation as a several one. *Winslow v. Herrick*, 9 Mich. 380; *Ballou v. Hill*, 23 Id. 60; *Anderson v. Robinson*, 38 Id. 407.

While the failure of Jacob Shafer to bring error may have precluded him from objecting now to the original judgment, his omission cannot remove the defense of the surety. He is only bound by his contract as he made it, and the question is whether he agreed to pay anything but a joint judgment.

There is no rule which will prevent a married woman from becoming a joint debtor with her husband upon a proper consideration, and there was nothing upon the record in either court indicating that the obligation sued on was one which she could not make. Had this appeared, it may be that the original judgment would not necessarily have been erroneous for want of leave to discontinue, as was held in *Reading v. Beardsley*, 41 Mich. 123. That was in a proceeding on error, where it affirmatively appeared the contract was void, as beyond the power of a married woman; but in the present case the judgment plaintiff persisted in treating the suit to the end as a joint one, and

even included Mrs. Shafer as a nominal defendant in the execution.

We are not informed what her defense was, but the rendering of judgment against her by the justice made her appeal necessary, and she prevailed on the appeal upon the final hearing, and not by virtue of any withdrawal of prosecution in advance of it. The appeal was joint, and not several, and the joint judgment was reversed. It was against a joint judgment that the surety was willing and agreed to contend.

It cannot be claimed that the appeal bond was one which she could not execute. The court has found that she executed it in fact, in this respect distinctly negativing the allegation in the declaration now before us that she did not execute it, and thereby finding that the present action itself was brought against only a part of the joint obligors. This is of itself sufficient to maintain the present judgment, for Mrs. Shafer was bound by the appeal bond to the same extent as the surety, and the judgment could not be properly rendered on the bond against one more than the other. But the case is covered by previous decisions of this Court.

In *Andre v. Fitzhugh,* 18 Mich. 93, it was held the sureties on an attachment bond were discharged by a discontinuance against a part of the defendants.

In *Ballou v. Hill,* 23 Mich. 60, it was held that, in a suit on a joint award on a joint submission, a discontinuance allowed against one ended the suit altogether.

In *Anderson v. Robinson,* 38 Mich. 407, discontinuance below was allowed on condition that the sureties on appeal be discharged; yet it was held that no discontinuance was allowable in the circuit court against one of two persons charged as joint contractors in a suit before a justice, and there proceeded against to judgment, and that, if made, the whole suit must fail.

An exception was made to this in the case of a joint signer who was an infant or otherwise incapable, and whose undertaking was regarded as a mere nullity. This distinction was shown in *Taylor v. Dansby*, 42 Mich. 82, and further explained in *Munn v. Haynes*, 46 Mich. 140, where the general doctrine was enforced.

In *Evers v. Sager*, 28 Mich. 47, it was held sureties on appeal were discharged by any material change in the issues, and the same rule was laid down in *Cross v. Eaton*, 48 Mich. 184.

In the present case plaintiff, by his declaration, undertook to save his action by an averment that Mrs. Shafer did not execute the bond, so that in fact Jacob Shafer was the only principal; but the court below found the contrary to be true, so that, by holding the surety liable now, he would be deprived of his claim against one of his co-obligors, besides being compelled to respond for a condition that was not the one he assumed.

The judgment was right, and should be affirmed.

The other Justices concurred.