JACOB SELIGMAN v. BENJAMIN H. GRAY AND JOHN B. ADAMS, IMPLEADED WITH JARED FREEMAN.

*Promissory notes—Joint indorsers—Discharge—Judgment.*

In a suit against two *joint* indorsers of a promissory note, the court directed a verdict *against* one, and in *favor* of the other, and judgment was rendered accordingly. The plea was *joint*, and there was no pretense of severance by bankruptcy or other act or thing which could terminate the liability of one and leave the other bound.

*Held*, error, the discharge of one surety being the discharge of both.[1]

Error to Saginaw. (Gage, J.) Argued May 5, 1887. Decided June 16, 1887.

Assumpsit. Defendant Adams brings error. Reversed. The facts are stated in the opinion.

*D. P. Foote*, for appellant.

*Wisner & Draper*, for plaintiff.

CAMPBELL, C. J. Seligman brought an action on the common counts under the statute upon a note of which Gray

[1] See *Phelps v. Church*, 65 Mich. 231.

was maker, and Adams and Freeman were joint indorsers. No judgment was taken against Gray, and the suit stood on trial as a suit against the two indorsers. The defense was a failure to properly present the note for payment, and notify the indorsers of its dishonor. The court below directed the jury that the evidence showed a good demand and notice on Adams, but not on Freeman, and directed a verdict in favor of Freeman and against Adams. This charge was excepted to, and error assigned, among other things, on this charge. A verdict was given and judgment rendered in favor of Freeman, but against Adams.

There were some difficulties in the case which would require attention if the final disposition had not rendered them unimportant. This action was upon a joint obligation of Freeman and Adams. The record, as framed, established the fact that they made it jointly, and they were so charged. They pleaded jointly, and there is no pretense of severance by bankruptcy or other act or thing which could put an end to the liability of one and leave the other bound.

This being so, it is well settled law that there must be, in a joint action, a joint judgment, or no judgment at all. When the court found there was no joint liability, it was error to hold there was a sole liability against Adams. Unless both could be held in this action, neither could be. As this is entirely clear under our own decisions, there is no occasion to discuss it. *Winslow v. Herrick,* 9 Mich. 380; *Ballou v. Hill,* 23 Id. 60; *Mace v. Page,* 33 Id. 38; *Anderson v. Robinson,* 38 Id. 407; *Anderson v. White,* 39 Id. 130.

Plaintiff could not, under these decisions, take judgment against one of two defendants jointly charged. The discharge of one is the discharge of both.

The judgment must be reversed, with costs of both courts.

The other Justices concurred.