**J. A. FAY & CO. (A CORPORATION) V. JAMES JENKS & CO. (A CORPORATION) ET AL.**

[See *ante*,—.]

*Promissory notes—Indorsers—Joint obligors—Discontinuance.*

1. Where a note is indorsed prior to its delivery, and the indorsers are not the payees, the contract is in form joint against the

makers and indorsers. *Weatherwax v. Paine*, 2 Mich. 555; *Rothschild v. Grix*, 31 Id. 150; *Herbage v. McEntee*, 40 Id. 337; *Sibley v. Bank*, 41 Id. 196; *Moynahan v. Hanaford*, 42 Id. 329.

2. When an obligation is joint as well as several, all must be proceeded against jointly, or each severally, subject to certain exceptions, as where one is an infant, or has been discharged in bankruptcy.

3. Where a suit is brought against the maker and the indorsers of a promissory note, which indorsements were made prior to the delivery of the note, a discontinuance as to the maker operates as a discontinuance against all of the defendants. *Winslow v. Herrick*, 9 Mich. 380; *Anderson v. Robinson*, 38 Id. 407; *Munn v. Haynes*, 46 Id. 140; *Post v. Shafer*, 63 Id. 85.

Error to Wayne. (Brevoort, J.) Argued November 13, 1889. Decided December 28, 1889.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for appellants Jenks.

*George W. Radford,* for appellant Swift.

*Moore & Canfield* and *William H. Wells,* for plaintiff.

CHAMPLIN, J. The plaintiff commenced suit against the above-named defendants and the James Jenks & Co. corporation, and declared against them jointly upon the common counts in *assumpsit,* serving with the declaration a notice that on the trial they would give in evidence under the money counts one certain promissory note, a copy of which is as follows, namely:

"$12,000.00.    DETROIT, October 19, 1886.

" On or before two years after date James Jenks & Co., incorporated, promise to pay J. A. Fay & Co. twelve thousand dollars, at its office in Cincinnati, Ohio; said maker having the privilege of paying any sum at any

time thereon, value received, with 6 per cent. interest per annum.

"Due on or before Oct. 19-22-88.

"JAMES JENKS· & Co., Incorporated.
"By JAMES JENKS, Prest."

Indorsements:

"JAMES JENKS.
"GEORGE A. JENKS.
"F. W. SWIFT.

"Pay cashier Citizens' National Bank, Cincinnati, Ohio, or order. For collection.          J. A. FAY & Co."

At the trial the plaintiff discontinued the suit voluntarily against James Jenks & Co., incorporated, and filed an amended declaration against James Jenks, George A. Jenks, and Frederic W. Swift jointly. At the conclusion of the trial the court directed a verdict for the plaintiff.

The court erred. It is unnecessary to determine now whether the contract is several as well as joint. As held in this State, the contract is in form joint against the maker and indorsers, where the indorsers are not the payees, and the note was indorsed before the instrument was delivered, as was the case here. *Weatherwax v. Paine,* 2 Mich. 555; *Rothschild v. Grix,* 31 Id. 150; *Herbage v. McEntee,* 40 Id. 337; *Sibley v. Bank,* 41 Id. 196 (1 N. W. Rep. 930); *Moynahan v. Hanaford,* 42 Id. 329 (3 N. W. Rep. 944). The rule is elementary that, when an obligation is joint as well as several, all must be proceeded against jointly, or each severally. There is no authority for suing three out of four joint makers. There are exceptions to the rule requiring the proceeding to be against all jointly, as where one is an infant, or one has been discharged in bankruptcy; but this case is not within the exceptions. The discontinuance against James Jenks & Co. operated as a discontinuance against all of the defendants, and the case should have ended there. *Anderson v. Robinson,* 38 Mich. 407; *Munn v. Haynes,* 46

Id. 140 (9 N. W. Rep. 136); *Post v. Shafer,* 63 Id. 85 (29 N. W. Rep. 519); *Winslow v. Herrick,* 9 Id. 380.

The judgment must be reversed, with costs of both courts; and, as there can be no recovery under the pleadings, no new trial will be awarded.

The other Justices concurred.