'GEORGE C. CODD AND HENRY PLASS v. MARY C. SEITZ.

*Real-estate brokers—Action for commissions—Pleading—Husband and wife—Discontinuance—Evidence.*

1. Where, upon the trial of a suit brought against a husband and wife to recover commissions claimed to have been earned in negotiating a sale of real estate owned by the wife, it appears that if any liability exists it is that of the wife alone, the court may allow the plaintiff to discontinue as to the husband, and

proceed against the wife, and to that end make the necessary amendments to his declaration.[1]

2. Circuit Court Rule No. 71, which provides that when an action ex contractu is brought against several persons the plaintiff may, at any time before the final submission of the cause, be allowed to discontinue as against any of the defendants, and proceed thereafter in like manner as if the action had been originally brought against the remaining defendants, does not authorize the plaintiff to proceed and take judgment against a joint obligor, or against more than one and less than all upon a joint and several obligation; citing *Winslow v. Herrick*, 9 Mich. 380; *Anderson v. Robinson*, 38 Id. 407; *Cook v. Perry*, 43 Id. 623; *Munn v. Haynes*, 46 Id. 140.

3. In this case there was evidence properly submitted to the jury tending to establish the liability of the wife, and she is concluded upon this question by their verdict.

Error to Wayne. (Hosmer, J.) Submitted on briefs November 18, 1892. Decided December 22, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*John Miner,* for appellant.

*Griffin, Warner & Hunt,* for plaintiffs.

DURAND, J. This action was brought by the plaintiffs against two defendants, who are husband and wife, to recover for certain commissions claimed to have been earned by them in negotiating the sale of certain real estate owned by the defendant Mary C. Seitz. Upon the trial, after the introduction of the proof, the court held that there was no evidence of a joint promise, and permitted the plaintiffs, against objection, to discontinue the suit as against the defendant John H. Seitz, and an amendment of the pleadings in that respect; whereupon the case was submitted to the jury, who found a verdict for the plaintiffs against the remaining defendant.

---

[1] See *Post v. Shafer*, 63 Mich. 85.

Error is claimed upon two grounds:

1. That the court erred in permitting the discontinuance stated.

2. That there was no evidence upon which the court could legally submit the case to the jury as to the employment of the plaintiffs by the defendant Mary C. Seitz, either personally, or by her lawfully authorized agent.

There was no error in allowing the discontinuance. Circuit Court Rule No. 71 expressly provides that when an action founded on contract is brought against several persons the plaintiff may, at any time before the final submission of the cause, be allowed to discontinue as against any of the defendants, and proceed thereafter in like manner as if the action had been originally brought against the remaining defendants. While this cannot be done so as to enable the plaintiff to proceed and take a judgment against a joint obligor, or against more than one and less than all upon a joint and several obligation, under the rule laid down in *Winslow v. Herrick,* 9 Mich. 380; *Anderson v. Robinson,* 38 Id. 407; *Cook v. Perry,* 43 Id. 623; *Munn v. Haynes,* 46 Id. 140,—yet the same authorities allow the discontinuance under rule 71, referred to, when, as in this case, the plaintiff ascertains that he has sued more parties than he is entitled to recover against.

Neither do we agree with the defendant in her second contention, raised by the second and third assignments of error, which is that there was no evidence that the defendant ever gave her husband, John H. Seitz, authority to employ the plaintiffs to sell the land for her. We think there was testimony from which the jury might fairly find that to be the fact. There is testimony in the case which tends to show that plaintiffs had sold other land for Mr. and Mrs. Seitz in 1887; that at that time they left this property with the plaintiffs, as commission agents, to sell for them at the sum of $50,000; that the plaintiffs

tried to sell it; that the price on the land was increased, until finally an offer of $65,000 was obtained through plaintiffs' agency, which was reported to the defendant and her husband, and which each of them agreed to accept; that Mr. Seitz got an abstract of the land, and the purchaser placed some checks with the plaintiffs to bind the bargain; and that the deal proceeded until the time arrived for closing it up, when the defendant declined to sign the deed, and the transaction fell through. It is true that the defendant denies this, and insists that she never said that the $65,000 was satisfactory; that she never told the plaintiffs so; and that she never authorized her husband to do anything for her in reference to employing the plaintiffs. But there were some circumstances disclosed by the testimony from which the jury might legally infer that she did both, and these questions were all submitted to them, with all the evidence in the case, and they have found the facts against her. This concludes her upon that point, as the record shows that there was evidence from which the jury could find as they did.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.