## BEEKMAN *v.* SYLVESTER.

1. JOINT DEBTORS—RELEASE—CONSTRUCTION OF STATUTE.

  The filing in court of a release given under 2 How. Stat. § 7784, to one of several joint judgment debtors, who, under the preceding section, has settled or compromised his individual liability on the judgment, is not a prerequisite to the validity of the release.

2. SAME—FAILURE TO DISCONTINUE.

  A judgment cannot be enforced against one of three joint judgment debtors, where the other two show a discharge from the judgment, and there has been no discontinuance as to them, since judgment in such case must be against all or none.

Error to Alpena; Kelley, J.    Submitted April 9, 1896. Decided April 28, 1896.

*Assumpsit* by John G. Beekman against Lyman J. Sylvester and others to renew a judgment. From a judgment for plaintiff, defendants bring error.    Reversed.

*J. D. Turnbull,* for appellants.

*Joseph Cavanagh,* for appellee.

HOOKER, J. On February 13, 1885, a circuit court judgment was recovered by the plaintiff and one Bishop against the defendants, Lyman J. and Rose Sylvester and William J. Carney. Action was commenced against all of the defendants by declaration filed February 11, 1895. The return shows the service to have been made upon each defendant on February 13, 1895. The defendants moved for a correction of the sheriff's return, claiming that the declaration was not served until February 14th, and pleaded the general issue, with notice of the statute of limitations. The parties stipulated to leave the question of the date of service to the jury, and, if they should find that the declaration was served on February 14th, the return was to be amended. They do not appear to have so found, but rendered a verdict for the plaintiff. As there was evidence on both sides of the question, we cannot disturb the verdict upon this ground.

The defendants offered in evidence a release reading as follows:

"STATE OF MICHIGAN, }
    County of Alpena.    }
" *The Circuit Court for the County of Alpena.*

" Jesse P. Bishop and John G. Beekman, Assignees, etc., vs. Rose Sylvester, Lyman J. Sylvester, and William J. Carney.

"For valuable consideration to me in hand paid, I hereby release the above-named Lyman J. Sylvester and Rose Sylvester, two of the defendants herein, from any and all liability in and to and under the judgment heretofore rendered against said defendants in this case; and I hereby agree to and with said Lyman J. Sylvester and Rose Sylvester that at no time in the future shall they, said Lyman J. Sylvester and said Rose Sylvester, become liable to pay said judgment, but to hold said other defendant for the amount due on said judgment.

"JOHN G. BEEKMAN,
    "Assignee Alpena Lumber Co."

The plaintiff contends that this release is not admissible as a defense, because not duly filed with the clerk of the

circuit court of the county of Alpena, under 2 How. Stat.
§ 7784. On the other hand, counsel for the defendants
contends that the release was valid between the plaintiff
and the Sylvesters, and that, while the statute does not
apply, it released Carney, under the common-law rule,
inasmuch (it is said) as, under our rule, a release is good,
though not under seal. See opinion of MORSE, J., in
*Seligman* v. *Pinet,* 78 Mich. 57. We disagree with
counsel for the plaintiff in his construction of section
7784, above quoted. The preceding section provides for
the discharge of one partner after dissolution, by settle-
ment, without discharging the remaining partner from
his ratable proportion of the debt, and the provision is
made applicable to joint debtors by section 7787.. Section
7784 permits the clerk to discharge a judgment, as to the
released debtor, upon his filing the proper evidence; but
we think such filing and discharge are not a prerequisite
to release, which may be shown upon the trial of an action
brought to enforce the judgment.

Counsel for the defendants asserts a willingness to agree
with counsel for the plaintiff that this is not a good statutory
release, though he says that he does not base it upon the
reasons given. As none are given by him, and we think
of none why this statute does not cover the case, we feel
constrained to hold that the Sylvesters were released from
liability, and that Carney was released in part, and that,
at most, he could have been held liable for one-third
of the face of the judgment and interest. But as the
plaintiff's action was planted against three defendants,
and he did not discontinue, under Circuit Court Rule No.
71, as to the Sylvesters, he is not in a position to sustain
his judgment, even against Carney, as he was entitled
to no judgment, if not against all. *Mace* v. *Page,* 33
Mich. 38; *Winslow* v. *Herrick,* 9 Mich. 380; *Ballou*
v. *Hill,* 23 Mich. 60; *Larkin* v. *Butterfield,* 29 Mich.
254; *Anderson* v. *White,* 39 Mich. 130; *Detroit* v.
*Houghton,* 42 Mich. 459; *Munn* v. *Haynes,* 46 Mich.

140; *Post* v. *Shafer*, 63 Mich. 85; *Seligman* v. *Gray*, 66 Mich. 341.

The judgment is reversed, and a new trial ordered.

. GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.