## WRIGHT v. REINELT.

JUSTICES' COURTS — MISJOINDER OF DEFENDANTS — ABATEMENT — JUDGMENT ON APPEAL.

A misjoinder of defendants in justice's court in an action *ex contractu* is not remedied, so as to sustain a verdict rendered in the circuit, upon their appeal, against only one of them, by Circuit Court Rule No. 27 (c), adopted pursuant to 2 How. Stat. § 6409, making it the duty of the court to provide rules to prevent the abatement of suits for misjoinder; such rule having no application to cases originating in justice's court.

Error to Sanilac; Beach, J. Submitted October 19, 1898. Decided December 6, 1898.

*Assumpsit* by John L. Wright against John Reinelt and Charles Reinelt for work and labor. From a judg-

ment for plaintiff against defendant Charles, the latter brings error.    Reversed.

*J. S. Crandell* and *W. H. Burgess*, for appellant.

*F. S. Viets* and *E. C. Babcock*, for appellee.

GRANT, C. J.    Plaintiff brought suit in justice's court, and recovered a verdict against both defendants.    Both appealed.    In the circuit court, plaintiff recovered verdict against defendant Charles, and the jury found defendant John not liable.    The suit was for work and labor, claiming balance on settlement.    In the circuit court, defendants pleaded a set-off.

The record contains none of the testimony, and the sole point raised is on the charge of the court.    From this it appears that defendant Charles admitted his liability. The sole contention of defendant is that the suit was based upon a joint liability, and that the court erred in not instructing the jury that, if they found there was no joint liability, they must render a verdict for defendants.    Cir. Ct. Rule No. 27(c) was adopted to meet such cases as this which originated in the circuit courts.    *Durgin* v. *Smith*, 115 Mich. 239.    It has no application to cases originating in justices courts.    *Anderson* v. *Robinson*, 38 Mich. 407. The instruction should have been given.

Judgment reversed, and new trial ordered.

The other Justices concurred.