### STROHSCHEIN *v.* KRANICH.

1. APPEAL AND ERROR—JOINT LIABILITY.
   In an action of assumpsit against joint defendants, the appeal of one from justice's court to the circuit court brings the entire case to the circuit court, and not merely the liability of the appellant.

2. PARTNERSHIP—JOINT INTERESTS—PROFIT SHARING.
   Where the evidence tended to show that defendants owned a joint interest in the business, but no testimony was offered tending to show an agreement to share profits or pay debts, the court should have directed a verdict in favor of the appellant on the ground that no joint liability was shown.

Error to Wayne; Murphy, J. Submitted April 13, 1909. (Docket No. 43.) Decided July 6, 1909.

Assumpsit by William F. Strohschein against Edward R. Kranich and others for work and labor. A judgment for plaintiff is reviewed by defendant Kranich on writ of error. Reversed.

*James Swan,* for appellant.

*Harry H. Wait,* for appellee.

McALVAY, J.   Plaintiff brought suit in justice's court against four defendants, copartners, doing business under the name of Cement Era Publishing Company.   The action was in assumpsit for goods sold and delivered. Plaintiff recovered a judgment for $200.25, damages and costs of suit.   Defendant Kranich appealed to the circuit court.   Before stating the result of the trial in that court, it will be helpful to the understanding of the controversy to give certain material facts.   D. Z. Curtiss, on May 12, 1906, and for some time previous, was the owner and publisher of a certain publication in Detroit, called the "Cement Era."   On that date, for a cash consideration of $1,000, he sold to defendant Kranich an undivided one-third interest in said publication, together with good will, accounts, and property belonging thereto, by a written bill of sale warranting title free from all liens, and agreeing to pay all claims, if any, of prior date.   Afterwards, on the same or the following day, he entered into a written contract with the defendants Schmidt, Wolfrom & Sovereign, who were a copartnership, to sell them an undivided two-thirds interest in said "Cement Era," and all the property, etc., belonging thereto, for the sum of $1,000 to be paid in monthly installments of $50 each, according to 20 promissory notes executed by them; title being reserved in Curtiss until paid, and said parties to have possession and use of the property in the ordinary course of business so long as not in default.

The firm of Schmidt, Wolfrom & Sovereign chose Wolfrom to manage this business, which duties he at once assumed and continued as long as they were interested in the property.   The record shows that Kranich made this purchase as an investment, and that he was never actively engaged in the conduct of this publication, and there is no evidence in the case tending to show co-

partnership relations between Kranich and the other defendants. Plaintiff is proprietor and manager of a printing business in Detroit, and his claim against defendants is for paper, wrappers, cuts, etc., furnished in printing and mailing the Cement Era for the months of May and June, 1906, amounting to $430.25, upon which Wolfrom and Baumgartner, the party who purchased the entire property, June 30, 1906, made payments amounting to $230. Defendant Kranich was seriously sick at the time of the trial, and not able to attend and testify. Upon the trial of the case the court instructed the jury that no copartnership relations between Kranich and the three other defendants had been shown; nevertheless the four were joint owners of the property, that it appeared that they intrusted active management of the property to Mr. Wolfrom, and that there was an agreement between the four joint owners that they were to share in the profits, if any, according to their interests, and such agreements made them, as joint owners, liable for any goods furnished and used in the publication of their paper. He further charged the jury that Kranich was the only defendant in the case, and, though the only defendant, he would be liable for the amount and value of the items of plaintiff's claim which were proved in the case as actually delivered and used in the publication of the paper. From a judgment against him alone, entered upon a verdict for the amount claimed by plaintiff, defendant Kranich brings the case to this court by writ of error.

The errors assigned which will be necessary to consider relate to the holdings and charges of the court above outlined. These defendants were proceeded against jointly, upon a joint agreement declared upon, and a judgment was entered in justice's court against them founded upon such agreement. The general appeal of defendant Kranich was authorized by the statute, and brought the whole case to the circuit court upon the issue made and tried in justice's court. The instruction of the court in this case

seems to have gone upon the theory that, because but one defendant had appealed, the joint obligation upon which a recovery was had, and which was asserted in the court of original jurisdiction, was changed into an individual liability in the circuit court. Plaintiff could not in this case have discontinued against the other defendants and recovered against Kranich alone. The only theory of plaintiff's case was that of joint liability. *Anderson* v. *Robinson*, 38 Mich. 409; *Fay* v. *Jenks*, 78 Mich. 312 (44 N. W. 380), and cases cited. There are some exceptions to this rule, where disability of infancy or bankruptcy, etc., may exist. The action of the court was, in effect, doing what the parties could not do. *Wright* v. *Reinelt*, 118 Mich. 638 (77 N. W. 246). The instruction complained of was erroneous.

The court found that this was not a copartnership, and the record sustains such finding. It also found and instructed the jury "that defendant Kranich owned an undivided one-third interest, and the other three jointly owned an undivided two-thirds in this property, and that the four joint owners intrusted the management of the paper to Wolfrom, and that there was an agreement between the four that they were to share in any profits," etc. The record shows that these parties did own the interests as designated, but it does not show that there was any agreement relative to sharing profits. It appears that Kranich never knew anything about this account, or was consulted about it or any other accounts. There is no agreement, express or implied, that defendant Kranich ever agreed with the others to pay any accounts. Kranich was not known to plaintiff. The court charged that these agreements made them liable as joint owners for any goods furnished by plaintiff. It already appears that the record does not show the agreements the court relied on, and the mere fact that defendant Kranich owned an interest in this property, which, as far as this plaintiff was concerned, was his only relation to it and to this transaction, would not make him liable upon contracts

made by the other owners, in which he took no part, and with which he was not connected. The court was in error in so holding and charging the jury, and under the evidence should have instructed a verdict for defendant, as requested, on the ground that no joint liability had been shown.

For the errors pointed out, the judgment is reversed, and a new trial ordered.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.