Wendell A. Mace and another v. Alverson W. Page.

*Declaration: Common counts.* The common counts in assumpsit are not adapted to the recovery upon a promise to pay a given sum of money in consideration of the plaintiff's deeding to defendants certain land to be by them turned over to a third person for land the latter was to convey to a railroad company for depot grounds.

*Joint defendants: Evidence: Individual undertaking.* In an action upon such a promise against two jointly, where the evidence wholly fails to show any such promise or undertaking as to one of the defendants, or to connect him in any way with the contract declared upon as a joint undertaking, the plaintiff cannot prevail.

*Heard October 21.   Decided November 2.*

Error to Lenawee Circuit.

*A. L. Millard,* for plaintiffs in error.

*Walker & Weaver,* for defendant in error.

GRAVES, CH. J:

An action of assumpsit was commenced by William D. Page against the plaintiffs in error, and he dying, his death was suggested and his son and administrator was allowed to carry on the case.

When the Chicago & Canada Southern Railroad was being located through the village of Morenci, in Lenawee county, many of the village people felt an interest and were active in regard to the site to be fixed for the road, and also in regard to the situation of a projected depot. It would seem that there was some competition among the people on the subject, and that the plaintiffs in error acted as a committee to aid in bringing about a particular location of the road and depot, and solicited funds to further the general object. They seem to have carried on various negotiations, but the record does not afford much light as to their course of proceeding. This suit originated in one of these transactions.

The declaration sets up in different special counts,· and with variations more or less important, certain express joint promises of the plaintiffs in error to William D. Page to pay him given sums of money in consideration of his deeding to them certain land to be by them turned over to one Packer for land he was to convey to the railroad company for a depot.

The general counts were also added. The general issue being pleaded, the cause was tried before a jury and a verdict found for defendant in error for two hundred and forty-one dollars and seventy-eight cents. The case was subsequently removed here and is now before us on writ of error and bill of exceptions. Some questions are raised in regard to the admission of evidence, and others upon rulings in charging and refusing to charge. An examination of the record, which contains all the evidence, enables us to dispose of the cause very briefly, and without touching several of the points discussed at the bar. In deciding we shall only refer to two·features of the record.

*First.* The evidence had no tendency to prove the plaintiffs in error liable under the general counts. On the contrary, the theory of the plaintiff below as to his ground of action, as appears by the record, was repugnant to a. claim under those counts. If by any possibility the proof could be referred to any of them it must be to the count for money had and received. But there is no evidence that the plaintiffs in error jointly received any money for the use of William D. Page, or held any which in equity and conscience belonged to him.

*Second.* The evidence did not conduce to show, whatever may have been the fact as to Baker, that Mace promised Page or agreed with him to pay him any thing in case he would deed the lands in question to Baker and Mace for the benefit of Packer. Wherever evidence is drawn out to show some agreement of this kind by Baker, it fails wholly to implicate Mace. At the interview in the road, to which Alverson Page testified, Mace was not present, and the evidence

of Mowry, about drawing the contract, and as to what it contained and what was then said, does not tend to prove any promise or agreement on the part of Mace to pay Page five hundred dollars, or any sum, out of a fund, or in any way.    In short, the evidence wholly failed to connect Mace with any promise or agreement to pay Page.    There was accordingly no evidence of a joint undertaking; the plaintiffs in error were entitled to the instruction they asked in their twelfth request,* and the refusal of it was improper.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.

---

*12. The plaintiff cannot recover unless he has shown a contract made by both defendants.    Any agreement of one them, even if made in the name of both, would not bind the other without evidence that he also agreed to it.    And the mere fact of their having this fund in their hands jointly, and being engaged together in the common object, would not authorize one to bind the other by a contract to pay money.