CITY OF DETROIT v. WILLIAM HOUGHTON ET AL.

*Official bond—Failure of joint action.*

A joint action on an official bond fails if it appears that any one of the defendants is not liable.

A judgment for defendants in a joint action does not bar another proceeding against a portion of them on the same cause of action.

Error to Superior Court of Detroit. Submitted January 9. Decided January 13.

DEBT on an official bond. Defendants bring error.

City Counselor *F. A. Baker* for plaintiff in error.

*Hawley & Firnane, Edward Minock* and *George Gartner* for defendant in error.

GRAVES, J. The city brought a joint action of debt against John Taylor, Jr., John Taylor, Catharine Dardis, and William Houghton, and counted on an official bond given by John Taylor, Jr., as ward collector, and executed by the other defendants as his sureties.

Mrs. Dardis pleaded the general issue and denied upon oath the execution of the bond. Houghton also pleaded the general issue and added a notice of defense depending on the validity of the objection taken by Mrs. Dardis.

The only evidence offered was on the part of the city, and from that it appeared conclusively that Mrs. Dardis never executed the bond or became a party to it. As against her therefore the instrument was not admissible and there was nothing for the jury, and the effect bore upon the whole case.

The result as respected Mrs. Dardis was decisive against the city in this action as to all the defendants. The suit being upon contract against several, and being

carried through on that basis, the city was bound to prove a joint liability on the part of all. *Winslow v. Herrick,* 9 Mich., 380; *Ballou v. Hill,* 23 Mich., 60; *Mace v. Page,* 33 Mich., 38; *Livingston's Ex'rs v. Tremper,* 11 Johns., 101; *Shirreff et al. v. Wilks,* 1 East, 48; Buller's N. P., 129; 2 Evans' Poth., 57: 1 Chitty Pl. (16th Am. ed.), 51, 52 and notes; *Anderson v. Robinson,* 38 Mich., 407.

But as we have seen, instead of making such proof the city itself negatived liability on the part of Mrs. Dardis. The inevitable consequence was that the other defendants became entitled to a verdict.

Under these circumstances the questions suggested by the learned counsel for the city appear to be entirely immaterial.

The judgment must be affirmed with costs.

The other Justices concurred.

Motion for rehearing. Submitted Jan. 20. Denied Jan. 21.

*F. A. Baker* and *E. F. Conely* for the motion.

PER CURIAM. A motion for a rehearing is made in this case for the reason principally that this court disposed of the case and affirmed the judgment on a question of pleading; and that being on the merits in the court below would be a bar to another suit brought against the other defendants. We do not see how this result would follow. A judgment in favor of defendants would be no bar to another action brought against some of them on the same cause of action. As the case was presented by the record in this court an affirmance was inevitable. The plaintiff upon the showing made could not recover against all the defendants, and as the case stood, the judgment could only be against all or none.