### LARISON *v.* HAGER *et al.*

#### *(Circuit Court, D. Minnesota. November 11, 1890.)*

JUDGMENT—RES JUDICATA—PARTY NOT SERVED.

 A judgment in favor of one or more joint contractors is no bar to a suit against another of the joint contractors, who neither voluntarily appeared nor was served with process in the first action, and who was not within the jurisdiction of the court trying the same.

Demurrer to Answer.
*John S. Watson,* for plaintiff.
*T. T. Fauntleroy,* for defendant.

NELSON, J. This suit is brought to recover a balance due upon a joint contract made for the purchase of lands in Dakota, belonging to plaintiff. The defendants were copartners, doing business under the name of "D. L. Wilbur, Trustee." In 1889 the plaintiff brought an action in Dakota against all the defendants upon the same contract as that sued upon here, but personal service in such action was made upon two only of the defendants, (Nickeus and Wilbur,) and defendant Hager was not served, and did not voluntarily enter any appearance in the Dakota suit. The suit resulted in a judgment in favor of the defendants Nickeus and Wilbur, who alone appeared and answered therein. An appeal from such judgment was taken to, and said cause is now pending in, the supreme court of North Dakota. In the suit brought in this court the defendant Hager is the only defendant residing in the district of Minnesota, and none of the other defendants have been served or appear. Hager, in his answer, sets out and relies upon the Dakota judgment as a bar to this action. A demurrer is interposed by the plaintiff to such answer, which raises the issue whether or not such plea is well taken. A judgment in favor of one or more joint debtors, who were served with process, is no bar to a suit against some not served, particularly when those not served are non-residents. There is no privity between Hager and the defendants sued in the judgment pleaded by him in bar, so that he can take advantage of it. As a general rule a judgment will not op-

erate as an estoppel unless the benefit derived from it is mutual; that is, a judgment cannot be used as evidence against a person when the opposite verdict would not have been evidence for him. In the record of the judgment pleaded by Hager the parties thereto are not the same as in this case, and he is not prejudiced, and can derive no advantage by it. If Larison had succeeded in the suit in Dakota, and obtained judgment against Wilbur and Nickeus, he could not enforce it against Hager, who was not within the jurisdiction, and was not served with process. Demurrer sustained, with leave to answer.

NOTE BY JUDGE NELSON. Consult Mason v. Eldred, 6 Wall. 231; Detroit v. Houghton, 42 Mich. 459, 4 N. W. Rep. 171, 287; McLelland v. Ridgeway, 12 Ala. 482; Bank v. Robinson, 13 Ark. 214; Hall v. Lanning, 91 U. S. 160; Brown v. Birdsall, 29 Barb. 549; Board of Pub. Works v. Columbia Coll., 17 Wall. 521.