### FIRST NAT. BANK OF CLARION v. HAMOR.

*(Circuit Court, D. Washington, W. D. July 31, 1891.)*

**1. ACTION ON JUDGMENT—VARIANCE.**
Where a complaint upon a judgment alleges that it was rendered in an action wherein the parties to this suit were plaintiff and defendant, proof of a judgment rendered against defendant and another person is a fatal variance, and there can be no recovery thereunder.

**2. SAME—PLEADING—GENERAL DENIAL.**
In an action on a judgment a general denial under the Code of Washington is equivalent to pleading the general issue of *nul tiel record*, and the burden is upon the plaintiff to prove the record sued upon.

At Law. Action on judgment.
*Govnor Teats* and *W. C. Sharpstein*, for plaintiff.
*Crowley & Sullivan*, for defendant.

HANFORD, J. The nature of this case and the material facts are concisely shown by the following statement of the cause of action set forth in the plaintiff's complaint:

"For its first cause of action against the said defendant plaintiff says that on the 13th day of August, 1888, this plaintiff obtained judgment against the said defendant in the county court of common pleas of Clarion county, Pennsylvania, in consideration of said court, in which court this plaintiff and defendant was the plaintiff and defendant therein, at the regular November term of said court, held at Clarion, Clarion county, in the commonwealth of Pennsylvania, and with full jurisdiction of the subject-matter and persons and parties recovered a judgment against the said defendant, George D. Hamor, in the sum of $2,110.50, and costs taxed at $4.90; that there has accrued costs by virtue of executions having been issued thereon in the further sum of $16.35; that said judgment still remains in that court in full force and effect, in no wise reversed or annulled or satisfied or set aside; that there is due this plaintiff from said defendant thereon, over and above all credits or offsets whatsoever, the sum of $2,131.75, together with all interest thereon at 6 per cent. per annum from the 10th day of August, 1888, and an exemplified copy of said judgment and proceedings is hereto attached, marked 'Exhibit A,' and made part hereof."

Two other similar causes of action are set forth in the complaint by similar statements. The defendant, in his answer, denies any indebtedness to the plaintiff, and denies that he has any knowledge or information sufficient to form a belief as to the other allegations of the complaint, which form of denial under the Code of this state is sufficient to make an issue, and to impose on the plaintiff the burden of proving the averments of the complaint. By stipulation a jury was waived, and the case has been tried before the court, and submitted upon the pleadings, evidence, and arguments.

In behalf of the plaintiff it is claimed that the pleadings admit the judgments upon which the action is founded. I hold, however, that under the code system of pleading and practice a plaintiff, by alleging the existence of a judgment in his favor, tenders an issue, and assumes the burden of proof, if the defendant joins issue by a denial, as in this case. In other words, a general denial is equivalent to pleading the general issue, and amounts to the same thing as a plea of *nul tiel record.* *Westcott* v. *Brown*, 13 Ind. 83; *Kinsey* v. *Ford*, 38 Barb. 195; *McCracken* v. *Swartz*, 5 Or. 63. The plaintiff has introduced transcripts showing judgments of the court of common pleas in and for the county of Clarion, in the state of Pennsylvania, for the sums alleged in the complaint and rendered on the days mentioned in the complaint, but not in actions wherein the parties were the same as pleaded. The complaint alleges judgments recovered against the defendant alone in actions wherein the plaintiff and the defendant, George D. Hamor, were the plaintiff and defendant. The transcripts show judgments in favor of the plaintiff and against both defendants in three actions in which the plaintiff was plaintiff and George D. Hamor and one E. Kuntz were defendants. The judgments appear to have been entered by the prothonotary upon promissory notes made by one H. Loeb to Hamor and Kuntz, and which notes were, by indorsements thereon, assigned by George D. Hamor and E. Kuntz to the plaintiff, and by the same indorsements the assignors jointly guarantied the payment at maturity, and empowered any attorney of any court of record to confess judgment against them for the sums named in the notes, with 5 per cent. attorney's fees. The contracts of assignment, guaranties of payment, and warrants to confess judgment created as to each of the notes a joint liability; and the judgments entered thereon are against the defendant and E. Kuntz, and do not in any way change the position of the parties, or create any several or new liability. The record in this case and the evidence fail to disclose that Kuntz has died, if such be the fact, or that there is any reason for not joining him as a party defendant. If he has paid the debt, or been released, or has any valid defense, the same should be as available to the defendant as it would be to him. For this reason the variance between the allegations of the complaint descriptive of the judgments sued upon and the proofs introduced cannot be deemed immaterial or unimportant. *City of Detroit* v. *Houghton*, 42 Mich. 459, 4 N. W. Rep. 171, 287; *Mace* v. *Page*, 33 Mich. 38; *Cunningham* v. *Hobart*, 7 Gray, 423; *Dibrell* v. *Miller*, 29 Amer. Dec. 126. There is a total failure to prove the existence of the judgments described, and it would

be unjust for the plaintiff to recover upon proof of other and different judgments, not mentioned in the complaint, especially as there could be no recovery against this defendant alone in an action with proper pleadings conforming to the proofs.