ALEXANDER BEAUDETTE *vs.* AVELINE CAVEDON *et al.*

APRIL 26, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. In this action of assumpsit a verdict was rendered against defendant Cavedon in the sum of $1,497.08. His motion for new trial was denied and he is here on exception. He also urges an exception to the trial court's refusal to direct a verdict in his favor on the ground of variance between declaration and proof.

The writ ran against Cavedon, Lavimodiere and Charleson. The latter was not served. The declaration consisted of the common counts and, in each, these three

men were asserted to be indebted. Gauvin, who as will later appear participated in making the contract which plaintiff sought to establish, was omitted as a defendant because he had gone into bankruptcy. At the close of the testimony plaintiff, after a statement from the court that it would direct a verdict in favor of Lavimodiere, discontinued as to him with consent of the court but made no amendment to the declaration. The court in its charge told the jury that Lavimodiere's name had been "stricken from the declaration" and that the only defendant for it to consider was Cavedon.

The testimony in the light most favorable to plaintiff showed that Gauvin, "Grigor" (hereinafter correctly spelled Gregoire) and Charleson made an express contract with plaintiff May 4, 1921. By it plaintiff agreed to cart sand to enlarge a beach at a definite price per load and do certain other work. The three just named told plaintiff they were acting for themselves and Cavedon, Lavimodiere and Bonaventure. They were to become members of a corporation, the Silver Lake Beach Amusement Co. about to be organized and a few days later such corporation was created and Cavedon became president. Plaintiff knew nothing of the corporation; Cavedon as concessionaire under Gauvin, the lessor of the real estate on which the enterprise was conducted had exclusive right to control bathing at the beach and lake where plaintiff dumped the sand in 1921. He had such control in 1920 and plaintiff had done similar work for him that year to the value of $1,600 and been paid therefor.

A misjoinder or nonjoinder of parties under General Laws 1923, Ch. 333, Sec. 23, does not necessarily defeat an action. With consent of the court amendments to the pleadings are permissible. While the right to amend is not unlimited, *Mockel* v. *Paw't Gas Co.*, 48 R. I. 485, in the present case if plaintiff sought to recover against Cavedon only, he might properly have amended the declaration to so state. Amendment even after verdict has been allowed

in the reviewing tribunal. *Gorton* v. *Potter*, 16 R. I. 493. Where a case has been tried on the theory that an amendment has been made, it may be so treated on exceptions in this court. *Joyce* v. *Cary*, 43 R. I. 382. Hence we shall consider the present case both on the record as it exists and as the Superior Court assumed it existed, in order to determine whether the verdict may be sustained.

Treating the record as it stands the declaration asserted that Lavimodiere, Charleson and Cavedon were joint obligors. Discontinuance as to Lavimodiere and failure to serve Charleson did not alter the fact that a joint obligation of three was declared upon. Differing from the rule in actions *ex delicto*, 21 R. C. L. 613, it is well established that where a declaration in assumpsit sets out a joint obligation and proof shows that only a portion of defendants made, or are chargeable with, the contract, there has been a fatal variance. 31 Cyc. 707; 13 C. J. 755 cites many cases of which we have examined *Jones* v. *Engelhardt*, 78 Ala. 505 (common counts); *Mace* v. *Page*, 33 Mich. 38 (common counts); *Spann* v. *Grant*, 83 Miss. 19 (common counts); *Goodale* v. *Page*, 92 S. C. 413 (common counts); *Rentz* v. *Live Oak Bank*, 61 Fla. 403; *Thompson* v. *Fenn*, 100 Ga. 234; *Pluard* v. *Gerrity*, 146 Ill. App. 224; *Smythe* v. *Dothan F. & M. Co.*, 166 Ala. 253 (common counts); *Hibberd* v. *Hubbard*, 211 Pa. St. 331; *Rohr* v. *Davis*, 9 Leigh (Va.) 30 (common counts). Hence, if we treat the declaration as setting out a joint contract, plaintiff's proof did not establish the declaration.

Inasmuch as the court charged the jury that the case had become one against Cavedon only, we may properly consider whether the verdict is supported by the evidence if we treat the declaration as amended to charge Cavedon alone. Liability must be created either by the surrounding circumstances or by the act of some one authorized to act for Cavedon. Plaintiff in the trial court and here relied upon the statements of Gauvin, Gregoire and Charleson, with whom alone he made the express contract, that they were

acting for themselves and others including Cavedon. Proof of a joint obligation was not proof that showed Cavedon to be the sole contracting party. By plaintiff's own admission, Gauvin was also jointly liable and was omitted because bankrupt. This did not prevent judgment against him, though execution might have been stayed. *Goodwin & Sigel* v. *Bost. Clothing Co.*, 47 R. I. 25. Plaintiff's difficulty arises from failure to prove the contract or contractual relationship by reason of which he asserts his right to recover. Statements to plaintiff made by Gauvin, Gregoire or Charleson that they were acting as agents for. others or for Cavedon alone did not bind the latter. While testimony of an agent may establish the fact of agency, his declarations made out of court that he is agent do not establish such fact. *Martin* v. *St. Aloysius Church*, 38 R. I. 339. The evidence fails to show that Gauvin, Gregoire and Charleson in making an express contract acted on behalf of Cavedon.

It still remains to be seen whether the evidence might sustain the verdict against Cavedon on an implied contract, by reason of his sole control of bathing at the beach in 1920 and 1921 and the making of improvements thereon with his knowledge and consent. It may first be noted that plaintiff did not attempt to establish a case on this theory. No evidence was offered as to the value of the work and Cavedon's only direct connection with the obligation is to be found in plaintiff's testimony, denied by defendant and by Gauvin, that on the day after completion of the work in June, 1921, plaintiff gave Gregoire, Gauvin, Charleson and Cavedon each a statement of the work done and his charge therefor to which Cavedon replied, "You wait, I've got a check in my pocket for the Company for $2,000 and you'll be the first one that is going to get paid out of it," and a little later said, on being asked for money by plaintiff, that he would pay his part but not all of the bill. Such testimony did not establish a sole implied contractual obligation against Cavedon. We express no opinion whether with other facts it might furnish a basis upon which liability

could be implied. Facts essential to an implied contract against Cavedon only are not to be found in the record before us.

Upon the pleadings, whether viewed as they actually existed or as they were assumed by the trial court to exist, the verdict can not be sustained. Although defendant's contention regarding a variance was correct, in view of the possibility of amendment we ought not to direct a verdict for defendant and exception to refusal so to do is not sustained.

Defendant's exception to refusal of a new trial is sustained and the case is remitted to the Superior Court therefor.

*Felix A. Toupin,* for plaintiff.
*Greene, Kennedy & Greene,* for defendant.