## ROBICHEAUX et al. v. GULF PRODUCTION CO.
## No. 2418.

Court of Civil Appeals of Texas. Beaumont.
Jan. 30, 1934.

Rehearing Denied Feb. 7, 1934.

Howth, Adams & Hart and A. D. Lipscomb, all of Beaumont, for appellants.

O. S. Parker and Duff & Cecil, all of Beaumont, for appellee.

O'QUINN, Justice.

This suit was filed in the Sixtieth district court of Jefferson county on May 23, 1927, by appellants M. Robicheaux and J. E. Broussard against appellee, Gulf Production Company, to recover damages to rice crops for the years 1924 and 1925, alleged to have been caused by pollution of the waters of Hillebrandt bayou, the source of fresh and pure water for irrigating their said rice crops. The pollution was alleged to have been caused by appellee's permitting and causing salt water and water contaminated with other minerals and substances to be pumped from its oil wells at Spindletop oil field near said bayou, and to accumulate in ditches, reservoirs, and storage tanks, and to escape and flow into said bayou, contaminating its waters, and damaging and destroying their said crops.

June 7, 1927, defendant, Gulf Production Company, filed its plea in abatement asking that the suit be dismissed because at the time this suit was filed there was pending in the Fifty-eighth district court of Jefferson county, another suit by appellants as plaintiffs against it, Gulf Production Company, for the same identical cause of action as exhibited in the instant suit, said former suit being numbered 25625 on the docket of said Fifty-eighth district court, the instant suit being No. 28673 on the docket of said Sixtieth district court. Said plea in abatement stated that while in said suit No. 25625 there were several parties defendant other than the defendant Gulf Production Company, yet they were each and all sued as joint tort-feasors and the cause of action set forth in said suit was and is identical with the instant suit No. 28673, and attached a copy of plaintiffs' amended petition in said suit No. 25625 as an exhibit.

June 7, 1927, defendant Gulf Production Company also filed plea of res adjudicata, that at the ——— term, A. D. 1927, of the Fifty-eighth district court of Jefferson county, Tex., in cause No. 25625 on the docket of said court, plaintiffs in the instant suit were plaintiffs and Gulf Production Company was a defendant, and for the same cause of action in said petition mentioned, it was adjudged and decreed by the court that plaintiffs take nothing by reason of their said cause of action asserted in said suit No. 25625, and that this defendant Gulf Production Company go hence without day, as fully appears by the proceedings in said cause No. 25625 of record in the minutes of the court; that said judgment in said suit was still in full force and effect, in no wise reversed, satisfied, or made void, wherefore it prayed that plaintiffs take nothing by this suit and that it be discharged with its costs.

The record discloses that at the time the instant suit, No. 28763, was filed in the Sixtieth district court of Jefferson county, there was then pending in the Fifty-eighth district court of said county another suit, No. 25625, by the same plaintiffs as here, and against the defendant here, the Gulf Production Company, and some twenty other defendants, for the same damages as here alleged, flowing from the same cause as here alleged, and prayer for recovery by the same plaintiffs against this defendant with others, both jointly and severally, and in the instant case against the defendant Gulf Production Company alone.

That plaintiffs' suit in cause No. 25625 in the Fifty-eighth district court against defend-

ant Gulf Production Company and others, and in their instant suit in the Sixtieth district court against the defendant Gulf Production Company alone, was for the same identical damages, based upon the same negligent acts, resulting in the same damages, we think plainly appears. In fact appellants in their brief herein say:

"The above evidence shows suit No. 25,625 involved the same alleged damage to the crops of 1924 and 1925, that the defendant in this suit was one of the defendants in the former, and that plaintiffs sued in the same capacity in both actions. So much may be admitted and thus economize the court's time."

From the third amended original petition of plaintiffs, that being the petition upon which the case was tried, in cause No. 25625, in the Fifty-eighth district court, we take the following excerpts, which alleged separate acts of the there defendants as resulting in the damages by said suit sought:

(a) " * * * That said lands, with the water rights incidental thereto as riparian lands, are of great value in the absence of the wrongful acts complained of; that the defendants *and each of them* continually, from year to year, pollute said waters in the same way and like effect as in 1924 and 1925, and threaten to continue indefinitely such pollution, and will, unless enjoined therefrom."

(b) " * * * The plaintiffs further allege that before the crop was planted, to-wit: prior to the first day of March and between the said first day of March and the first day of January, 1924, the defendants *and each of them* turned into said bayou large quantities of salt water, containing high salt content and other minerals injurious to plant life, and which said polluted waters and a large portion thereof remained in said bayou during the growing season of that year" (1924) " * * * and plaintiffs further say that sometime in June or July of 1925, the salt water storage tank of the defendant, Gulf Production Company, lying northwest of what is known as Spindletop Hill, in which a large quantity of salt water produced by the Gulf Production Company and other defendants herein named, was stored, broke loose by reason of insufficiency of its banks and levees both in strength and height, * * * and that the salt water containing other deleterious mineral substances were caught, collected and held by levees and dams in large quantities * * * near the waters of Hillebrandt Bayou, and thereafter the levees and embankment which held and retained said large quantities of salt water so escaping from de-

fendants' regular storage tank broke loose and gave way on account of insufficiency of the levees both in strength and height and on account of rainfalls, which the defendants could and must have foreseen and provided for, and all of the said waters escaped into Hillebrandt's Bayou and polluted the same and made it unfit for irrigating purposes, * * * and plaintiffs further say that a large portion of the salt water produced by *each* and all of the defendants during the growing seasons of 1924 and 1925 and prior to said times, were permitted to escape and reach Hillebrandt's Bayou through the road ditches and other means of drainage without first impounding the same in reservoirs. * * * "

(c) "That the discharge of the said injurious substances from said wells of defendants *onto the surface of the said watershed combining* them to flow into said bayou was either a willful or negligent *act of each defendant*, directly and necessarily and proximately contributing to the injuries complained of, and well known to each defendant, all of whom operated in the same territory of production to concur with the acts of others to produce the injuries herein complained of; and that such wrongful acts of defendants were the proximate cause of the injuries herein complained of."

(d) "Plaintiffs represent that the injury to, and damage sustained by them, was caused and occasioned by the polluted water as polluted by defendants, it being the only water available to plaintiffs for irrigation purposes; that but for the pollution caused by *defendants as herein alleged*, plaintiffs' crops would have matured crops of 14 bags (or barrels) per acre."

In said petition, plaintiffs prayed "and for all such other relief, general and special, as plaintiffs may be entitled to in law or in equity."

In said suit No. 25625, the defendant Gulf Production Company filed separate answer to plaintiffs' said petition, consisting of a general demurrer, a number of special exceptions, and by general denial and numerous other pleas in bar. The special exceptions (*which in effect were general demurrers directed against the allegations in plaintiffs' petition of separate and individual acts of the defendants as a basis for recovery of the alleged damages*) were Nos. 25, 26, and 31. They read:

Special exception 25: "Defendant further specially excepts to said pleading and petition and all that portion thereof wherein it is sought to recover damages against these de-

fendants by reason of their separate and individual acts with respect to the wrongs therein alleged for that it appears from said petition that plaintiffs are unable to determine the amount of damages resulting from each of said individual acts, as alleged, and therefore, said pleading shows no cause of action based on said separate and independent acts as therein alleged."

Special exception 26: "Defendant specially excepts to all of that portion of said petition wherein it is sought to recover herein against the defendant upon and for the separate and individual acts of each defendant, for that it is not alleged what amount or proportion of the injuries sustained was the direct and proximate result of such wrongful acts on the part of each defendant, separately."

Special exception 31: "This defendant further specially excepts to all that portion of said petition and particularly paragraph 15 thereof and that portion of paragraph 15 seeking recovery for the water discharged from said storage tank and the breaking of said storage tank belonging to this defendant for it nowhere appears from said pleading what proportion or amount of damages resulted to the plaintiffs from said acts complained of; that is from the water discharged from defendant's storage tank in the manner and under the circumstances, as set out in said pleadings, nor that the acts complained of in reference thereto were the proximate cause of the injury complained of."

In the progress of the trial of said cause No. 25625, same being then heard upon the law of the case, May 17, 1927, plaintiffs filed their third amended petition, and defendants filed their exceptions thereto (including those of the defendant Gulf Production Company above set out) on May 18, 1927, when the case again proceeded to be heard upon the law of the case, and, after such hearing was concluded, the court overruled all the exceptions and special pleas, except the plea of misjoinder, which was taken with the case upon its merits, and the above special exceptions 25, 26, and 31, which were sustained, but which were allowed to stay in the petition on the injunction feature alone.

In their brief, appellants contend that the court eliminated from the former suit the issue of the separate liability of defendants by sustaining special exceptions 25, 26, and 31, supra, as a misjoinder of parties and of causes of action; that the court, by sustaining said exceptions, "had thus trimmed the action down strictly to an action for dam-

ages for *joint tort* of all the defendants, and the question of injunction."

We think this contention is not sound. The judgment recites the action of the court on the exceptions in this language.

"The court, upon the conclusion of the hearing upon said exceptions and pleas of the defendants to the plaintiffs' third amended original petition, is of the opinion that all of said exceptions and pleas should be overruled *except the plea of misjoinder filed by defendants which plea was taken with the case upon its merits, and except those exceptions of the defendants addressed to that portion of the plaintiffs' third amended original petition, seeking recovery of damages for and by reason of the separate and individual acts of the defendants with respect to the wrongs alleged in said petition; that as to said separate and individual acts as furnishing the basis for recovery of damages in this cause the court sustained said exceptions, but permitted said allegations to remain in said petition upon the injunction feature of this cause;* to which action of the court in overruling said exceptions defendant excepted, *and to which action of the court in sustaining said exceptions addressed to the allegations in the petition as to the separate and individual acts of the defendants as a basis of recovery herein the plaintiffs excepted.*" (Italics ours.)

There were several portions of the exceptions to plaintiffs' petition leveled by defendants because of misjoinder of parties defendant and of causes of action. It is seen that the court *did not sustain this exception of misjoinder, nor overrule same, but that said plea was expressly taken with the case.* Further, it is clearly seen that the court did sustain the exceptions (25, 26, and 31) relating to the allegations of separate liability by defendants, but there is no hint that they were sustained on grounds *of misjoinder of any kind,* but to the contrary that said exceptions were sustained because of the *insufficiency and lack of certainty* of plaintiffs' said allegations as to the separate acts of defendants that would show separate liability.

There is nothing in the record to show, and it is not contended, that there was any further action taken as to the question of misjoinder. Neither did plaintiffs offer to obviate, if they could, the sustaining of the exceptions to the petition as to the separate and individual acts and liability of defendants by amending their petition as to same, but that issue simply ended by plaintiffs ex-

cepting to the ruling of the court on said exceptions. The case then was tried on the issue of joint liability of defendants, and resulted in an instructed verdict for defendants, and consequent judgment. The cause finally reached the Supreme Court on that issue and the judgment of the district court was affirmed.

After the affirmance by the Supreme Court of the judgment in cause No. 25625 [Sun Oil Co. v. Robicheaux (Tex. Com. App.) 23 S. W.(2d) 713], plaintiffs in cause No. 28763, which had been all the time pending on the docket of the Sixtieth district court, on March 24, 1932, filed an amended petition. June 27, 1932, the defendant Gulf Production Company filed its amended answer, renewing and repleading its plea in abatement and plea of res adjudicata, and, subject to these pleas, answered by general demurrer, special exceptions (not necessary to mention), general denial, and special pleas of limitation. When the cause came on to be heard, the court sustained the pleas of abatement and res adjudicata, and dismissed the suit. Plaintiffs excepted to the action of the court in sustaining said pleas and in dismissing the suit, and the case is before us on appeal.

We think the judgment should be affirmed. It is not necessary to state the effect of plaintiffs' pleading herein. As stated, supra, plaintiffs admit that the former suit, No. 25625, involved the same alleged damages to the crops of 1924 and 1925, as here, and that the defendant in this suit, Gulf Production Company, was one of the defendants in the former suit, and that plaintiffs sued in the same capacity in both actions. The only question in dispute is whether the issue here was in issue in the former suit, No. 25625, and then determined.

Undoubtedly plaintiffs asserted a cause of action against each of the defendants in their former suit, because of the separate and individual acts alleged to have been done by them, and also asserted a joint cause of action against all of the defendants because of alleged concert of action by said defendants in the doing of the things alleged to have caused the damages sought to be recovered. The exceptions (25, 26, and 31) urged by the defendant Gulf Production Company against the allegations in plaintiffs' petition of separate and individual acts of the defendants as a basis for recovery, were sustained. Not, as we have stated above, because of any misjoinder, but because of the insufficiency of said allegations. Plaintiffs had the right to have amended their petition, and to have thus cured the grounds for said exceptions, if they could. They made no effort to do so. Their cause of action as against the instant defendant for damages alleged to have been caused by the separate and individual acts of this defendant passed out of the case when said exceptions were sustained, and plaintiffs failed to amend. Their suit then was against the defendants as joint tort-feasors. They lost in that action in the trial court, and that judgment was finally affirmed by the Supreme Court.

■■ But it is insisted by appellants that a judgment against them in a joint action against the defendants in the former suit is not a bar to their subsequently prosecuting an action against one of the defendants for its separate, individual, and independent acts, though complained of in the former suit. In support of their contention, they cite us to Livesay v. First Nat'l Bank, 36 Colo. 526, 86 P. 102, 6 L. R. A. (N. S.) 598, 118 Am. St. Rep. 120, by the Supreme Court of Colorado; City of Detroit v. Houghton, 42 Mich. 459, 4 N. W. 171, 287, a Michigan case, and other authorities as supporting their contention. We have examined the authorities cited and believe they are without weight in the instant case. These decisions are from jurisdictions which do not have statutes similar to article 2211, R. S. 1925 of Texas. In other words, we are asked to follow the rule established in other jurisdictions which is directly opposed to the Texas law, as we construe article 2211 (as amended by Acts 1931, c. 77, § 1 [Vernon's Ann. Civ. St. art. 2211]). It reads:

"The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. Only one final judgment shall be rendered in any Cause except where it is otherwise specially provided by Law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or interveners."

Under this statute plaintiffs had the right to bring suit, as they did, against the defendants named in cause No. 25625, both

jointly and separately, for the damages asserted in said cause. If plaintiffs failed to make proof entitling them to a joint judgment on the asserted concert of action by defendants as alleged by plaintiffs, then under the above statute they would have been entitled to judgment against any one of the defendants if supported by evidence adduced. That is, plaintiffs' failure to prove a case of joint liability would not have precluded them from having judgment against any one of the defendants if plaintiffs' evidence showed the separate liability of such defendant and the amount thereof. Therefore, when appellee's exceptions to plaintiffs' allegations of damage caused by the separate and individual acts of each defendant were sustained by the court, and plaintiffs merely excepted to the court's action, in no wise amending or attempting to amend their said pleading, and the cause as then and there tried resulted in a judgment against them, which judgment was finally affirmed by the Supreme Court [23 S.W.(2d) 713], the judgment sustaining the exceptions became and was res adjudicata as to said question of separate liability.

The difference between the law as well settled in Texas contrary to that advanced by appellants, and recognized in some other jurisdictions, is, according to that great text-writer, Judge Freeman, in his work on judgments, expressly based on the difference existing in the statutory laws of the several jurisdictions. For instance, in Freeman on Judgments, vol. 2, § 572, p. 1211, he says:

"Where in an action against several jointly judgment must go against all or none, a judgment in favor of the defendants while conclusive against any joint liability of all of them would not bar an action to establish a separate or different liability, *but where the statute permits judgment to go against all or any of those jointly sued, a judgment on the merits in favor of the defendants necessarily adjudges the absence of liability of any kind, either joint or several.*" (Italics ours.)

The rule as stated in the last clause of the above quotation constitutes an exception to the general rule as stated in the first clause, and is applicable to judgments of the kind under discussion, rendered by courts in Texas, in that our statute, article 2211, expressly provides that in such cases judgments may be rendered against all or any of the defendants. This statute has been in effect since 1846, hence the Texas decisions hereinafter referred to are in harmony with the rule stated by Judge Freeman.

In Williams v. Goff (Tex. Civ. App.) 54 S. W. 428, it is held:

"Though plaintiff sue several for a joint tort, he may recover against one, the evidence connecting him alone with the wrong committed. * * *

"The petition charged a joint tort. In actions in tort against several defendants a recovery against one defendant does not necessarily depend upon a recovery against any other. Giddings v. Baker, 80 Tex. 308, 16 S. W. 33. If, on the trial, the evidence connects but one defendant with the wrong actually committed, the plaintiff may recover against him as if he had been sued alone."

In Rowan v. Daniel, 20 Tex. Civ. App. 321, 49 S. W. 686 (writ refused), it is held:

"Where plaintiffs sued defendants as joint tort feasors, and asked for judgment against them jointly, it is no ground of complaint that judgments are rendered separately against them for separate and different amounts."

See, also, Porter v. Martyn (Tex. Civ. App.) 32 S. W. 731; Missouri, K. & T. Ry. Co. v. Enos, 92 Tex. 577, 50 S. W. 928.

While appellants would have it appear that the allegations in their petition as to the separate and individual acts were, by the court's sustaining exceptions thereto, eliminated from the suit, such was not the case. Said exceptions were sustained, not upon the theory that appellants could not recover under proper allegations such damages as they might show resulted from the separate and independent acts of the defendant Gulf Production Company, but because the allegations upon which appellants sought to recover damages from the said defendant company by reason of its separate and independent acts, were insufficient allegations as against said special exceptions upon which to base any such recovery.

As before stated, when appellee's exceptions to appellants' allegations of damages caused by the separate and individual acts of each defendant were sustained by the court, and appellants merely excepted to the court's action, in no wise amending or attempting to amend their said pleading, and the cause as then and there tried resulted in a judgment against them, which judgment was finally affirmed by the Supreme Court, the judgment sustaining the exceptions became and was res adjudicata as to said question. This is the well-settled holding of our courts.

In Dixon v. Zadek, 59 Tex. 529, 531, it is said:

226

"The demurrer being sustained, the defendants did not offer to either amend by substituting an additional affidavit, or by otherwise altering the grounds on which they had rested their right to claim the property as being not subject to the plaintiff's levee; and, consequently, the judgment against the defendants on the demurrer became as conclusive a determination of the merits of the cause, and of all such issues as might have been litigated between the parties in that action, as though the cause had been determined under formal issues, the hearing of evidence, and a judgment rendered thereon. (Citing authorities.) Such a judgment, thus rendered on a successful demurrer, is res adjudicata, and may be pleaded as such in another action involving the same cause of action between the same parties or their privies."

In Scherff v. Railway Co., 81 Tex. 471, 17 S. W. 39, 26 Am. St. Rep. 828, Judge Gaines said:

"It may be considered settled law in this State that when a general demurrer to a petition is sustained, and the plaintiff declines to amend, and a final judgment is rendered against him, he is precluded by the judgment from a recovery upon the same cause of action. Bomar v. Parker, 68 Tex. 435, 4 S. W. 599; Parker v. Spencer, 61 Tex. 155; Dixon v. Zadek, 59 Tex. 529; Girardin v. Dean, 49 Tex. 243."

Many like decisions could be cited.

From what we have said, it follows that the judgment should be affirmed, and it is so ordered.

Affirmed.