**ROSE v. BAKER et al.**

No. 3746.

Court of Civil Appeals of Texas. Beaumont.

Nov. 27, 1940.

Rehearing Denied Dec. 11, 1940.

C. A. Lord, of Beaumont, for appellant.

Hanson & Hart and B. C. Johnson, all of Houston, for appellees.

WALKER, Chief Justice.

On May 24, 1939, James B. Baker filed this suit in district court of Jefferson county against J. D. Wharton, operating under the name of Texas Furniture & Storage Company, praying for judgment for $1,500; for cause of action he alleged that he had delivered certain household goods to Wharton for transportation from Houston, Texas to Baton Rouge, Louisiana, and that Wharton had "wholly failed" to deliver him his goods in Baton Rouge. On the same day, Wharton filed his answer admitting that he had received the goods from Baker for transportation. He plead specially that, while transporting the goods on highway No. 90 in Jefferson County, Texas, his truck was struck by a truck owned and operated by J. H. Rose, operating under the name of J. H. Rose Truck Lines, and that through the negligence of Rose his truck was greatly injured and Baker's goods destroyed. He impleaded Rose as a cross-defendant, and prayed for judgment against him for his damages, and over against him for all damages that Baker might recover against him. On the 7th day of June, 1939, Rose answered by plea in abatement "that there is a misjoinder of causes of action and also a misjoinder of parties." Subject to his plea in abatement, Rose answered to the merits of Wharton's cross-action by general demurrer and general denial. On June 29, 1939, Baker filed his first amended original petition, complaining of both Wharton and Rose, and for cause of action plead the contract of transportation as in his original petition, that Wharton took possession of his goods, and that he had "wholly failed" to deliver him the goods, "claiming" that they had been destroyed while in his possession "as a direct result of the negligence of J. H. Rose." He alleged further that the negligent conduct of Wharton and Rose, "jointly and severally," was "the direct and proximate result of the loss and destruction of his property." As in his original petition, he plead that his property was worth $1,500. On the 11th day of August, 1939, Wharton as cross-plaintiff filed his first amended original petition against Rose, but plead no new issues. On the 22nd day of August, 1939, Baker filed his second amended original petition against Wharton and Rose, but plead no new issues. On November 7th, 1939, Wharton as cross-plaintiff filed his second amended original petition against Rose, but plead no

new issues. On December 21, 1939, Rose answered Baker's second amended original petition by pleading the general demurrer and the general denial.

On December 15, 1939, the court overruled Rose's plea in abatement; on the same day his general demurrer to Wharton's cross-action against him; on the 7th day of February, 1940, his general demurrer to Baker's second amended original petition—to all of which he reserved his exceptions.

On the 9th day of February, 1940, the case came on for trial to a jury, and on conclusion of the evidence, before the charge had been submitted to the jury, Rose presented to the court his motion for a peremptory instruction against both Baker and Wharton, which was overruled, and to which ruling he duly excepted.

On or about the date plead by Wharton, there was a collision between his truck and Rose's truck on highway No. 90 in Jefferson county. Answering special issues, the jury found the following facts: Just prior to the collision, Rose's truck was being operated at a rate of speed in excess of 25 miles per hour, which was a proximate cause of the collision and of the damages sustained by Baker; "the fair, actual value" of Baker's property lost to him as the result of the collision was $1,500. "Upon the occasion of the collision" Rose's truck was being operated "with a portion thereof upon its left hand side of the center line of the highway," which was negligence and a proximate cause of the collision. "Upon the occasion of the collision" Rose's truck "was being operated at a dangerous rate of speed under the existing conditions shown by the evidence," which was negligence and a proximate cause of the collision. "Just prior to the time of the collision" the driver of Rose's truck "failed to keep a proper lookout," which was negligence and a proximate cause of the collision. Wharton was acquitted of all acts of negligence charged against him. The jury assessed the damages to Wharton's truck at $400.

After overruling Rose's motion for judgment non obstante veredicto, to which ruling he excepted, judgment was entered on the verdict of the jury in favor of Baker against Rose for the sum of $1,500, and for Wharton against Rose for $400, and that Baker "take nothing" against Wharton, from which judgment Rose has duly prosecuted his appeal to this court.

The record is before us without a statement of facts.

## Opinion.

■ Since, on the allegations of Baker's petition, Wharton was Baker's bailee, appellant Rose's first point is that Baker's second amended original petition was insufficient to state a cause of action, in that in charging negligence against his bailee, Baker charged negligence "on the part of himself," which "allegations are binding upon him and he cannot question the truth of the same," and which allegations of negligence are "conclusive" against Baker, and cannot "be questioned by him"; and for the same reason, the petition was insufficient to support the judgment; and for the same reason, the court erred in refusing to instruct a verdict in his favor. This point is overruled.

Baker's petition against Rose, wherein he alleged Rose's several liability, was not subject to the general demurrer, and was sufficient to support the judgment. Though a bailment was disclosed by the allegations of the petition, Baker did not pray for relief on that theory but on the theory of a joint and several tort. Rose cannot complain of this election of remedies by Baker. The allegation of joint and several liability was in the nature of an alternative plea— an allegation for relief against Rose if it should be found that Wharton, the bailee, was not guilty of negligence. The jury acquitted Wharton, the bailee, of all acts of negligence charged against him, and convicted appellant of negligence proximately causing the damages suffered by Baker. The judgment was rendered on the theory of tort and not on the theory of bailment. Robicheaux v. Gulf Production Co., Tex.Civ.App., 68 S.W.2d 221, affirmed 128 Tex. 441, 99 S.W.2d 880.

■ But the judgment also has support on appellant's theory of bailment. While the bailee may maintain an action for injury to the property held by him under the bailment during the existence of his rights as bailee, the bailor "has also a general property in the thing, and unless he has, by virtue of his agreement, parted with it for a definite time, he may maintain a like suit against a stranger." Masterson v. International & G. N. R. Co., Tex.Civ. App., 55 S.W. 577, 578. Baker, by his agreement with Wharton, did not part with his "general property" in his household goods. On this point we cite Bailments,

par. 88, 6 Am.Jur. 211: "On the creation of the ordinary bailment, the general property remains in the bailor, and the bailee has only a special interest for the express or implied objects of the bailment. Where one with the legal title to property becomes the bailor thereof, the contract of bailment does not contemplate any change in such title, and it remains in the bailor. The respective interests of the parties in the subject-matter are such, however, that both the bailor and the bailee have certain rights with respect to the property which they may assert against each other and against third persons, the degree to which they may do so depending, of course, upon the class of bailment entered into and upon special provisions of the contract, if there are such."

Therefore, he had the right to maintain a suit against Rose "a stranger", for the damages suffered by him. So, same authority, Bailments, par. 303, since Baker retained his general property in his household goods he had the right "to maintain an action against * * * one causing injury thereto"—that is, against Rose.

The second point is that the court erred in refusing to sustain the plea in abatement to Wharton's cross-action "wherein and whereby" Wharton alleged "a misjoinder of parties and a misjoinder of causes of action" in his cross-action against Rose, and wherein he attempted to make Rose a party to this cause. This point is overruled.

In support of the judgment overruling the plea in abatement, Wharton advances the following counter propositions: (a) The plea in abatement "was not presented and urged at the term at which it was filed"; (b) The plea in abatement "was directed at Wharton's original cross-action, which was thereafter superseded by his first amended cross-action"; (c) The plea in abatement was properly overruled since Baker amended his petition, suing both Wharton and Rose "after appearance by Rose in answer to Wharton's cross-action."

Pretermitting a discussion of the first three counter propositions, we rest our judgment on the fourth counter proposition. Baker by his amended pleadings prayed for judgment against Wharton and Rose jointly and severally. The damages suffered by Baker and the damages suffered by Wharton, all resulted from the same collision, and the same acts of negligence committed by appellant Rose. It was therefore in the sound discretion of the trial court, in order to avoid a multiplicity of suits, to hear and determine all claims for damages in one suit. Commercial Standard Ins. Co. v. Freeman, Tex.Civ.App., 100 S.W.2d 145.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.