VanELSACKER v ERZBERGER

Docket No. 72197. Submitted May 2, 1984, at Escanaba.—Decided
September 17, 1984.

Defendants, Jay C. Erzberger and Marilyn Erzberger, entered
into a contract with plaintiffs, Rod VanElsacker and Linda
Farrell, for the purchase of a marine equipment and supply
business from plaintiffs. The overall transaction was governed
by the purchase and sale agreement which described, *inter alia,*
the various documents by which the assets would be trans-
ferred. Pursuant to the purchase and sale agreement, the real
property of the business was sold by way of a land contract,
and the other assets, except for inventory, were transferred to
defendants by a bill of sale accompanied by a promissory note
and security agreement. The purchase and sale agreement
provided that the land contract and security agreement act as
security for any indebtedness remaining unpaid under the
purchase and sale agreement. Defendants defaulted on the land
contract and the promissory note. Plaintiffs brought an action
for foreclosure of the land contract and recovery of possession
pursuant to the summary proceedings statute. Attached to
plaintiffs' complaint was a copy of the land contract forfeiture
notice served earlier on defendants in accordance with the
summary proceedings statute. The forfeiture notice stated that
defendants were in default for nonpayment on both the land
contract and the promissory note, and recited the sums past
due on both the land contract and promissory note. The court
entered a judgment for land contract forfeiture, which judg-
ment stated that the arrearage owed by defendants to plaintiffs
was $7,345.99, and that if defendants failed to cure the
breaches by a certain date, a writ of restitution for plaintiffs
would be issued. The arrearage of $7,345.99 recited in the
judgment represented the total of the arrearages owed on the
land contract ($6,290.05) and the promissory note ($1,055.94).
Defendants failed to pay the $7,345.99 by the specified date,

REFERENCES FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contracts § 499 *et seq.*
77 Am Jur 2d, Vendor and Purchaser § 404 *et seq.*

and the court entered a writ of restitution for plaintiffs. Approximately one year later, plaintiffs brought an action in the Delta Circuit Court alleging that defendants had defaulted on the promissory note entered into in connection with the sale of the business, and sought judgment in the amount of $16,548.51, representing the unpaid balance on the note, plus interest. Defendants moved for summary judgment, alleging that the suit was barred by the prior judgment of forfeiture and writ of restitution. The court, Clair J. Hoehn, J., entered judgment for defendants. Plaintiffs appealed. *Held:*

1. Defendants' motion should have been for accelerated rather than summary judgment. However, plaintiffs were aware of the basis for the motion and did not object to its mislabeling. The Court of Appeals treated the motion as having been made for and granted as accelerated judgment.

2. The summary proceedings statute gives the land contract vendee the right to redeem and preclude issuance of a writ of restitution by paying the amount of arrearage specified in the judgment within the time provided. Plaintiffs' judgment of forfeiture made defendants' right to redeem dependent not only upon payment of the arrearage due under the land contract but also the arrearage due under the promissory note. Even had defendants been able to pay the amount in arrears on the land contract, they still could not have redeemed and avoided issuance of the writ of restitution if they could not pay the additional sum owed under the promissory note. Plaintiffs elected under the purchase and sale agreement to treat the promissory note and land contract as a single contractual obligation in the summary proceedings for forfeiture and restitution. Consequently, plaintiffs' suit to recover the balance owed on the promissory note is a "claim for money payments due or * * * which would have become due under the contract" within the meaning of the summary proceedings statute and, therefore, is barred by the judgment of forfeiture and writ of restitution previously entered. The fact that only defendant Jay C. Erzberger signed the land contract while both defendants signed the promissory note does not alter the result.

Affirmed.

CONTRACTS — SUMMARY PROCEEDINGS STATUTE.

A judgment for possession after forfeiture of an executory contract and the issuance of a writ of restitution bars any claim for money payments which would have become due under the contract subsequent to the issuance of the writ (MCL 600.5750; MSA 27A.5750).

*LeMire Law Office* (by *Robert E. LeMire, Jr.*), for plaintiffs.

*Butch, Quinn, Rosemurgy, Jardis & Valkanoff, P.C.* (by *Terry F. Burkhart*), for defendants.

Before: MacKenzie, P.J., and J. H. Gillis and J. Sullivan,* JJ.

MacKenzie, P.J. Plaintiffs appeal as of right from an order of the circuit court granting defendants' motion for summary judgment under GCR 1963, 117.2(1). We first note that defendants' motion was based on the contention that plaintiffs' suit was barred by a prior judgment, and defendants' motion referred the trial court to the pleadings of record in that previous action. Therefore, defendants' motion should have been one for accelerated judgment under GCR 1963, 116.1(5) rather than for summary judgment under GCR 1963, 117.2(1). However, plaintiffs were aware of the basis of defendants' motion and did not object to the mislabeling of the motion; hence, we will treat defendants' motion as having been brought and granted under GCR 1963, 116.1(5). See *Heikkinen v Aetna Casualty & Surety Co,* 124 Mich App 459, 462; 335 NW2d 3 (1983).

The essential facts are undisputed. On May 30, 1978, defendants entered into a contractual transaction with plaintiffs for the purchase of a marine equipment and supply business from plaintiffs. The overall transaction was governed by a purchase and sale agreement which described, *inter alia,* the various documents by which the assets would be transferred. Pursuant to the purchase and sale agreement, the real property of the business was sold by way of a land contract, and the other

---

* Circuit judge, sitting on the Court of Appeals by assignment.

assets (except for inventory) were transferred to defendants by a bill of sale accompanied by a promissory note and security agreement. The purchase and sale agreement contained the following provision:

"§ 4:4 *Security for Deferred Balance:* The land contract set forth at Exhibit 'D' and the security agreement set forth at Exhibit 'C', both of which are attached hereto and made a part hereof by reference, shall act as security for the entire deferred balance due and owing hereunder. Although the obligation set forth in the promissory note underlying the security agreement or the obligation set forth in the land contract may have been paid in full, these instruments and all of the collateral set forth therein shall act as security for the payment of any indebtedness remaining unpaid hereunder."

In August of 1980 defendants defaulted on the promissory note, and in September of 1980 defendants defaulted on the land contract. As a consequence, in January of 1981, plaintiffs filed a complaint in the district court for forfeiture of the land contract and recovery of possession pursuant to the summary proceedings statute, MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.* (The land contract contained the requisite provision for forfeiture upon nonpayment, MCL 600.5726; MSA 27A.5726). This complaint stated in pertinent part as follows:

"2. That on May 30, 1978, in accordance with the terms of the agreement [i.e., the purchase and sale agreement], the parties executed a certain 'executory contract for the purchase and sale of realty' (hereinafter 'land contract'), a copy of which is attached hereto and made a part hereof as Exhibit B, for the purchase and sale of the real property involved for a sum of one hundred ninety-three thousand and 00/100

($193,000.00) dollars. Said land contract required monthly payments of one thousand two hundred fifty-eight and 01/100 ($1,258.01) dollars, which included interest at eight (8%) percent per annum, on the 30th day of each month. Defendant has failed and refused to make the required monthly payments for September, October, November and December of 1980 and January of 1981. *The total amount in arrears is six thousand two hundred ninety and 05/100 ($6,290.05) dollars.* The principal balance due is one hundred twenty thousand eight hundred fifty-six and 66/100 ($120,856.66) dollars.

"3. That on May 30, 1978, in accordance with the terms of the agreement, the parties executed a certain 'security agreement' and 'promissory note', copies of which are attached hereto and made a part hereof as Exhibits C and D, with regard to the unpaid balance for the personal property described in the agreement. The promissory note required payments of one hundred seventy-five and 99/100 ($175.99) dollars on the 30th day of each month. Defendant has failed to make the required payments for the months of August, September, October, November and December of 1980 and January of 1981 for a *total in arrears of one thousand fifty-five and 94/100 ($1,055.94) dollars.* The principal balance due is sixteen thousand five hundred forty-eight and 51/100 ($16,548.51) dollars.

\* \* \*

"5. That paragraph 4.4 of the agreement provides that all of the collateral shall act as security for payment of any indebtedness remaining unpaid and, as a result, the land contract is security for the principal balance due on both the land contract and the promissory note and security agreement." (Emphasis added.)

Attached to plaintiffs' complaint was a copy of the land contract forfeiture notice served earlier on defendants in accordance with the summary proceedings statute, MCL 600.5728; MSA 27A.5728. The forfeiture notice stated that defendants were in default for nonpayment on both the land contract and the promissory note, and recited

the sums past due on both the land contract and promissory note.

On February 25, 1981, the district court entered a judgment for land contract forfeiture, which judgment stated that the arrearage owed by defendants to plaintiffs was $7,345.99 and that, if defendants failed to cure the breaches by May 26, 1981, a writ of restitution for plaintiffs would be issued. There is no dispute but that the arrearage of $7,345.99 recited in the judgment represented the total of the arrearages owed on the land contract ($6,290.05) and the promissory note ($1,055.94). Defendants failed to pay the $7,345.99 by the specified date, and consequently the district court on May 27, 1981, entered a writ of restitution for plaintiffs.

Approximately one year after the summary proceedings in the district court were completed, plaintiffs, on May 10, 1982, filed in the circuit court their complaint giving rise to the instant suit. Plaintiffs' complaint alleged that defendants had defaulted on the promissory note entered into in connection with the sale of the business, and sought judgment in the amount of $16,548.51, representing the unpaid balance on the note, plus interest. We agree with defendants and the circuit court that plaintiffs' suit is barred by the prior judgment of forfeiture and writ of restitution entered in the earlier district court summary proceedings action.

Section 5750 of the summary proceedings statute provides as follows:

"The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, *except that a judgment for possession*

*after forfeiture of an executory contract for the pur-
chase of premises shall merge and bar any claim for
money payments due or in arrears under the contract
at the time of trial and that a judgment for possession
after forfeiture of such an executory contract which
results in the issuance of a writ of restitution shall also
bar any claim for money payments which would have
become due under the contract subsequent to the time
of issuance of the writ.* The plaintiff obtaining a judg-
ment for possession of any premises under this chapter
is entitled to a civil action against the defendant for
damages from the time of forcible entry of detainer, or
trespass, or of the notice of forfeiture, notice to quit or
demand for possession, as the case may be." MCL
600.5750; MSA 27A.5750. (Emphasis added.)

Defendants argue that § 5750 bars only a claim for
money due on the land contract, and does not bar
their claim for money due on the promissory note,
a contract separate and distinct from the land
contract notwithstanding the mutual default
clauses in the various documents and that both
arose from the same transaction, citing *McBride v
Arends,* 79 Mich App 440; 263 NW2d 5 (1977), *lv
den* 402 Mich 890 (1978); *Badour v Zifkin,* 96 Mich
App 325; 292 NW2d 201 (1980).

The summary proceedings statute gives the land
contract vendee the right to redeem and preclude
issuance of a writ of restitution by paying the
amount of arrearage specified in the judgment
within the time provided. MCL 600.5741,
600.5744(6); MSA 27A.5741, 27A.5744(6). *McBride,
supra,* and *Badour, supra,* are distinguishable from
the instant case. Here, unlike those cases, plain-
tiffs secured a judgment of forfeiture, making de-
fendants' right to redeem dependent not only upon
payment of the arrearage due under the land
contract but also the arrearage due under the
promissory note. Hence, even had defendants been

able to pay the amount in arrears on the land contract, still they could not have redeemed and avoided issuance of the writ of restitution if they could not pay the additional sum owed under the promissory note.

We conclude that, even if the land contract and promissory note were distinct contracts upon which plaintiffs could have brought separate proceedings, plaintiffs elected, pursuant to their rights under § 4.4 of the purchase and sale agreement, to treat the promissory note and land contract as a single contractual obligation in the summary proceedings for forfeiture and restitution. Consequently, plaintiffs' suit to recover the balance owed on the promissory note is a "claim for money payments due or * * * which would have become due under the contract" within the meaning of § 5750 of the summary proceedings statute and, therefore, is barred by the judgment of forfeiture and writ of restitution previously entered by the district court. We are not persuaded that the fact that only defendant Jay C. Erzberger was a signatory to the land contract, while both defendants were signatories to the promissory note, requires a different result.

Affirmed. Costs to defendants-appellees.